## No. 13,166.

## THE STATE OF LOUISIANA vs. HARRY DEVINE.

### SYLLABUS.

1. Where one offence is included in another, as assault and larceny in robbery, both may be laid in one count of an indictment or information. (Bishop, New Crim. Pro., §§488, 1002, 1.)

2. In statutory robbery it is sufficient to follow the terms of the statute. (State vs. Corbes, 47 Ann., 1587; State vs. Corcoran, 50 Ann., 453.)

3. In a criminal case the Supreme Court is without jurisdiction as to questions of fact presented in a motion for new trial brought up on a bill of exceptions. (Constitution, Art. 85; State vs. Cook, 42 Ann., 33; State vs. Corcoran, 50 Ann., 453.)

State vs. Devine.

ON APPEAL from the Criminal District Court for the Parish of Orleans. *Baker, J.*

*M. J. Cunningham,* Attorney General, *Robert H. Marr,* District Attorney, and *Joseph E. Generelly,* Assistant District Attorney, for Plaintiff and Appellee.

*B. B. Howard* and *H. O. Hollander* for Defendant, Appellant.

Argued and submitted May 6, 1899.
Opinion handed down May 29, 1899.

## STATEMENT OF THE CASE.

Defendant was convicted of robbery and sentenced to imprisonment in the State penitentiary at hard labbor, for seven years, and to pay the costs of the prosecution, and he has appealed. His counsel relies, here, upon a motion, to quash the information, filed in the lower court, upon the grounds, that "the information is not sufficient in law, and that he is not bound by the law of the land to answer same.   *   *   *   That the said information is null and void, and no effect, because it contains two specific offences, under the laws of the State of Louisiana, which are embodied in one count;" and upon a bill of exceptions reserved to the ruling of the judge *a quo* refusing a new trial, which was applied for upon the grounds:

That the evidence of the guilt of the accused consisted solely of the testimony of the prosecuting witness, who was shown to have been in a drunken condition at the time of the alleged robbery, and that it is against the policy of the law of the State to imprison any one upon such a showing. The same grounds, thus relied on, in the motion to quash, and in the motion for a new trial, were made the basis of a motion in arrest of judgment, which was also denied.

The information reads as follows, to-wit:

INFORMATION.

"State of Louisiana.                          Parish of Orleans.

S. S.

"Criminal District Court for the Parish of Orleans.

"Robert H. Marr, District Attorney for the Parish of Orleans, who, in the name and by the authority of the said State, prosecutes in this behalf, in proper person comes into the Criminal District Court for

the Parish of Orleans, in the Parish of Orleans, and gives the said court to understand and be informed that one

HARRY DEVINE.

late of the parish of Orleans, on the first day of March, in the year of our Lord, one thousand, eight hundred and ninety-nine, with force and arms in the parish of Orleans aforesaid, and within the jurisdiction of the Criminal District Court for the parish of Orleans, in and upon one J. C. Donovan, feloniously did make an assault, and the said Donovan, in bodily fear, did then and there put, and twenty-five dollars of the lawful money of the United States of America, of the goods, property, money, and chattels of said Donovan, from the person and against the will of him, the said Donovan, then and there feloniously and violently did steal, take, and carry away, contrary to the form of the Statute of the State of Louisiana, in such case made and provided, and against the peace and dignity of the same."

## I.

MONROE, J., after stating the case, delivered the opinion of the court.

The grounds upon which the motion to quash rests, are not well taken. The information contains all the averments necessary to charge the statutory crime of robbery, within the intendment of Section 810 of the Revised Statutes. State vs. Corbes, 47 Ann., 1587.

As to the suggestion that there are two distinct offences charged in one count, i. e., "assault" and "robbery," the answer is that the one is included in the other. Mr. Bishop in his "New Criminal Procedure," says: "Section 488. Many acts, if together they constitute one " offence, may be laid in one count, thus:

\* \* \* \* \* \*

"3. Assault, battery, and false imprisonment may be charged in one count, 'though,' says Potts, J., 'in themselves considered separately, they are distinct offences, yet, collectively they constitute but one offence.' "

Referring to the crime of robbery, the same author says: "Section " 1002. 1. The indictment should contain the allegations for simple " larceny with the added matter which makes the larceny, robbery. It " is common to say that the 'defendant' in and upon X feloniously " did make an assault and him the said X, in bodily fear and danger

" of his life, then and there feloniously did put and one (setting out
" the things taken and their values as in simple larceny) of the
" moneys, goods, and chattels of the said X, from the person and
" against the will of the said X, then and there feloniously and vio-
" lently did steal, take, and carry away.

"2. In statutory robbery, the terms of the statute must be fol-
lowed," etc.

See also State vs. Corcoran, 50 Ann., 453.

## II.

The motion for new trial presented questions of fact, of which this
court has no jurisdiction. Constitution Art. 85. State vs. Cook, 42 A.
88. State vs. Moreau, 50 A. 8. State vs. Corcoran, 50 A. 453.

Judgment affirmed.