*873
 
 BRUNOT, J.
 

 The defendant was prosecuted, convicted, and sentenced for- possessing intoxicating liquor for beverage purposes, one of the offenses denounced by the Hood •Act (Act No. 39 of 1921 [Ex. Sess]). An appeal was taken, but counsel has not filed a brief or made an appearance before this court.
 

 We find three bills of exception in the record. The first bill was reserved to the overruling of a motion for a new trial, based solely upon the allegation that the verdict is contrary to the law and the evidence. We have consistently held that such a motion presents nothing for review. Moreover, the trial judge says: “The motion was denied because the evidence and the law fully sustained the court’s verdict.”
 

 The second bill was reserved to the-refusal of the court to charge:
 

 “That the finding of beer of more than one-half of 1 per cent, of alcohol by volume on a person’s premises, as in this ease, unless it is shown that the beer was illegally used, sold, or given away, and here the only proof is, that it was for the householder’s own use, * * * that then it is not against any law of the state of Louisiana.” ,
 

 It appears that defendant was conducting a gambling house on his premises . and the beer was dispensed to the participants in the game, as called for by them. It is evident that the requested charge was refused because it was not applicable to the proven facts.
 

 The third bill was reserved to a ruling permitting a prosecuting witness to testify to an alleged admission made by defendant. It appears that a deputy sheriff raided the premises while gambling was in progress and asked the persons assembled who was the proprietor of the place. Receiving no answer to the question, the deputy announced that unless the information he desired was furnished by some one of the party he would carry all of them to jail. The defendant then announced that he owned the premises and the beer belonged to him. Defendant’s counsel objected to the state proving this admission, basing the objection upon the ground that the admission was not freely and voluntarily made, and later requested the judge to so charge himself. The requested charge was refused, and this bill was reserved to that ruling. The judge says in the per curiam to the bill:
 

 “The statement of the officer making the arrest, to the party of gamblers engaged in gambling in the house that unless they would tell him who owned and operated the gambling house he would arrest them all as principals was addressed to all those engaged in the game and not to* defendant alone; and when defendant spoke'up and said he owned and operated the house, his acknowledgment was none the less free and voluntary.”
 

 We see no error in the ruling. Defendant’s admission had reference only to his ownership of the premises and beer. It was not a confession of guilt of any crime, and, moreover, the statement was freely and voluntarily made.
 

 The judgment and sentence are affirmed. ,