(139 So. 15)

**STATE v. GONZALES.**

No. 31461.

Nov. 30, 1931.

Rehearing Denied Jan. 4, 1932.

W. B. Kemp, of Amite, and Carter & Carter, of Franklinton, for appellant.

Percy Saint, Atty. Gen., E. R. Schowalter, Asst. Atty. Gen., and Robert S. Ellis, Jr., Dist. Atty., of Amite (M. C. Rownd, of Springfield, and Robert S. Ellis, Sr., of Amite, of counsel), for the State.

BRUNOT, J.

The defendant and three other persons were charged, in an information filed by the dis-

trict attorney, with the crime of robbery. The defendant obtained a severance. He was tried, convicted, and sentenced to serve not less than nine, nor more than fourteen, years at hard labor in the state penitentiary. This appeal is from that verdict and sentence.

There are fifteen bills of exception in the record. Two were taken before arraignment. The first bill was reserved to the overruling of a motion for a bill of particulars.

The information is as follows:

"Into the Honorable the Twenty-first Judicial District Court of Louisiana, sitting in and for the Parish of Livingston, comes now into open court the undersigned district attorney of the Twenty-first Judicial District Court of the State of Louisiana, and with the leave of the Court first obtained, in the name and by the authority of the said State, informs the said Honorable Court that one Henry Gonzales, one Otto Willie, one Victor Ferlandy, and one Elmore Jambon, each, present, acting together, aiding and assisting each other, late of the Parish of Livingston, on the 4th day of February, in the year of our Lord One Thousand Nine Hundred and Thirty-one (1931), with force and arms, in the Parish of Livingston and State of Louisiana aforesaid, and within the jurisdiction of the Twenty-First Judicial District Court of Louisiana, in and for the Parish of Livingston, in and upon one J. Odom Sullivan, one Winthrop Brown and one Leslie H. Heard, employees of the Livingston Bank, a banking corporation existing under the laws of the State of Louisiana, domiciled and doing business in the town of Denham Springs, State of Louisiana, feloniously did make an assault, and the said J. Odom Sullivan and the said Winthrop Brown and the said Leslie H. Heard in bodily fear and danger did then and there feloniously put, and Five thousand five hundred and thirty-five and 25/100 ($5535.25) dollars in lawful money of the United States of America, of the goods, chattels, money of the Livingston Bank, a banking corporation as aforesaid, from the person, possession, immediate presence and against the will of they, the said J. Odom Sullivan, the said Winthrop Brown and the said Leslie H. Heard, each, then and there feloniously and violently did steal, take and carry away the same, contrary to the form of the statutes of the State of Louisiana, in such cases made and provided, and against the peace and dignity of the same."

The motion for a bill of particulars alleges that the information is vague, uncertain, and indefinite, and before pleading thereto the defendant is entitled to have the district attorney file in court the following:

"A bill of particulars setting out with precision the manner and means by which he will seek to prove on the trial hereof that this defendant participated, or took part in the said alleged robbery, sought to be charged in the information, whether as principal or as accessory, or as aider or abettor in said alleged crime; whether defendant was actually or constructively present on the scene at the time and at the place of said alleged robbery and what acts of participation, if any, were then and there done by this defendant in a manner and form so as to legally charge him with complicity in this alleged robbery; that your mover further prays that the District Attorney, as an addendum to said bill of particulars be also required then and there to give this defendant and mover oyer of all the Police Department records of the Parish of Livingston, touching the alleged complicity of this defendant in said crime, together with the written statements, if any, that were made to or for the District Attorney by Elmore Jambon and Victor Ferlandy, alleged accessories to the said crime touching mover's alleged complicity in said crime, * * * together

with any other statements, if any, by any of the co-defendants mentioned in the bill of information."

The wide scope of the particulars called for in the motion is radically at variance with our jurisprudence, and, in view of the fact that the information specifically charges that the accused and his three confederates were all principals, present, acting together, and aiding and assisting each other in the commission of the robbery, it contains all of the essential averments, as to the specific act charged, which is required by law. This court so held in State v. Devine, 51 La. Ann. 1296, 26 So. 105, and that decision has been consistently adhered to. In State v. Goodson, 116 La. 398, 40 So. 771, 774, the court said:

"The state cannot be tied down and committed to unnecessary and dangerous averments as to the details of the crime charged."

█ It is our opinion that the information contains every essential averment required by law in an information or indictment for the crime of robbery.

The second bill of exceptions was reserved to the overruling of defendant's demurrer to arraignment upon the information and plea to the crime therein charged. The demurrer is based upon the ground that the information does not allege the facts called for in the motion for a bill of particulars. For the reasons stated in our consideration of defendant's first bill of exception, we find no merit in this bill.

█ The third and all of the remaining bills of exception are improperly numbered, but this fact is of no consequence. The third bill was reserved to the overruling of an objection by defendant to the testimony of J. O. Sullivan, an employee of the Bank of Livingston, who, with two other employees of the bank, were present in that institution when the robbery charged in the information was committed. The objection to the testimony was urged upon two grounds, viz., that the information does not state the official capacity in which the witness served the bank; and that it does not charge the defendants with a conversion of the funds taken from the bank to their own use. There is no merit in either objection. The capacity of a witness to testify is not determined by his official status, and, where robbery is charged, it is not necessary to allege that the property taken was converted to the takers' own use. The fourth bill of exception was reserved to the overruling of defendant's objection to the district attorney asking one of the accused, who had pleaded guilty to the charge, and who was called as a state witness, the following question:

"This car that was driven from New Orleans to Bogalusa over to Baton Rouge, where did you get that car?"

The court's per curiam to this bill is as follows:

"The question of the ownership, possession and as to where the car was obtained was first brought out by counsel for defendant."

█ In the note of evidence attached to this bill it appears that one of defendant's counsel admits that he had questioned witnesses as to who was supposed to own the car, who claimed it, who had it in possession, and who had the right to get the car to go to Bogalusa, or who furnished it. Counsel opened the door for the admission of proof as to the ownership and possession of the car and the manner by which it was obtained. Therefore there is no merit in this bill.

█ The fifth bill of exceptions was reserved to a ruling of the court sustaining the district attorney's refusal, when called to the stand as a defense witness, to relate only a part of a statement made to him by one of the accused, who had entered a plea of guilty. The court ruled that the entire statement must be admitted. The ruling is correct.

953

954

Article 450 of the Code of Criminal Procedure is as follows:

"Every confession, admission or declaration sought to be used against any one must be used in its entirety, so that the person to be affected thereby may have the benefit of any exculpation or explanation that the whole statement may afford."

The sixth bill of exception was reserved to a ruling restricting the range of the direct examination of a witness for the defendant relative to an application by the defendant, through the office of the witness, for a loan. The testimony sought to be elicited was objected to as being irrelevant and immaterial, and the objection was sustained. Whether or not the ruling was a reasonable exercise of the court's discretion need not be inquired into, for the note of evidence attached to the bill shows that the examination of the witness was permitted to proceed with the widest latitude.

The seventh bill was reserved to the action of the court in permitting a policeman of Bogalusa, who had remained in the courtroom and heard the witnesses testify, to be called as a witness in rebuttal, although a severance of the witnesses had been asked for and ordered by the court. In its per curiam to this bill the court says:

"All officers and visiting officers of other courts are excused from the rule, same being within the discretion of the court."

In this connection we cite article 371 of the Code of Criminal Procedure; State v. Bates, 140 La. 833, 74 So. 165; State v. May Ella Wheeler, 173 La. 753, 138 So. 656, this day handed down.

Defendant's eighth bill of exception was reserved to the overruling of his objection to the testimony offered by the state as rebuttal evidence. The objection was urged upon the

ground that the testimony was not in rebuttal of any testimony offered by the defendant. The court in its per curiam to the bill says:

"The testimony of this witness was clearly in rebuttal to testimony of the defense witnesses seeking to establish an alibi. I do not recall any objection made or bill here."

The note of evidence attached to the bill shows that Mr. Kemp, of counsel for the defendant, objected to the testimony for the reason stated; that Mr. Carter, also of counsel, withdrew the objection; that Mr. Kemp renewed the objection and the court overruled it; but it does not appear that a bill of exception was reserved to the ruling. Moreover, the note of evidence shows that the testimony adduced was in rebuttal of that offered by the defendants to establish an alibi.

The ninth bill of exception presents the same question we have disposed of in our consideration of the defendant's seventh bill.

Defendant's tenth, eleventh, and twelfth bills present substantially the same question we have disposed of in his eighth bill.

The thirteenth bill of exception was reserved to certain parts of the court's general charge to the jury. In his per curiam statement the judge says:

"The defense asked the court for a written charge. The court wrote the charge and submitted same to attorneys for the defense, asking them if the charge was satisfactory. The attorneys for the defense replied that the charge was very fair and O. K. But after the charge had been delivered by reading same, the above exception was taken."

While the exception is to certain definite parts of the charge, the charge, in its entirety, was approved by defendant's counsel before its delivery. Counsel made no attempt, at any time, to point out any error in the

charge, nor did they ask the court to correct any part of it. Under the exceptional circumstances here presented, and in the absence of some showing that the defense was prejudiced thereby, counsels' mere exception to the charge is not sufficient.

Defendant's fourteenth bill was reserved to the court's refusal to deliver the following special charge:

"The Court charges you as a matter of law that if you find from the evidence that the defendant, Henry Gonzales, was not in the Parish of Livingston at the time of the actual commission of the crime, but was in another parish of this state, then in that case, even though you may conclude from the evidence that he counseled and advised the commission of the crime, in some other parish, then and in that event this court would be without jurisdiction, and it would be your duty under the law to acquit the accused insofar as the actual robbery was concerned."

A judge not only may, but should, refuse to charge an abstract legal proposition which, under the facts, in his opinion, has no bearing on the case, whether the proposition be correct or incorrect. This court has so held in a long and consistent line of decisions, which may be found in La. Dig. Vol. 2, p. 645. The Court's per curiam to this bill is, in part, as follows:

"This is not the law, especially in view of the fact that the evidence shows that during the conspiracy and at a time before the actual robbery the defendant came into Livingston Parish with the other defendants, pointed out the bank and showed the way of escape."

It being shown that the defendant actually committed overt acts, in Livingston parish, in connection with the common design to rob the Livingston Bank, the special charge was not applicable to the facts of the case, and the court therefore properly refused to charge it.

Defendant's last bill of exception was reserved to overruling of his motion for a new trial. The motion is based upon the following grounds, viz.: That the court erred in all of the rulings complained of in the bills of exception we have considered; that the jury was prejudiced by the district attorney's testimony, when called as a witness in rebuttal; that the jury was influenced in reaching a verdict by the fear that they would be confined in an uncomfortable jury room over night; and that defendant has discovered new evidence which would rebut the testimony of Jambon and Ferlandy as to where the conspirators roomed in Baton Rouge, and as to which one of them drove the car.

We have already disposed of the first ground urged in the motion.

As to the second, the defendant called the district attorney to the stand as his witness in rebuttal, with the result that, under the ruling of the court, he related to the jury the statement, in its entirety, which had been made to him by one of the accused. We reviewed that ruling in our consideration of defendant's fifth bill of exception, and found it to be correct.

With respect to the last ground urged in the motion, the accepted rule is that motions for a new trial based upon newly discovered evidence are addressed to the sound discretion of the court. This court has also held, in a long line of authorities, that the discretion of trial judges, in dealing with motions for a new trial on the ground of newly discovered evidence, even to the extent of their refusing to believe the affidavit of an alleged newly discovered witness, will not be interfered with on appeal, unless it clearly appears to have been exercised in an arbitrary or unjust manner.

The authorities supporting both of the foregoing propositions may be found in La. Dig. vol. 2, pp. 666, 667.

For the foregoing reasons, the verdict and sentence appealed from are affirmed.

O'NIELL, C. J., dissents from the ruling on bills 13 and 14.