89 So.2d 158

STATE of Louisiana

v.

Salvadore COMPAGNO.

No. 42920.

June 11, 1956.

Rehearing Denied June 29, 1956.

Girard J. Fernandez, New Orleans, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Leon D. Hubert, Jr., Dist. Atty., Phil Trice, Asst. Dist. Atty., New Orleans, for appellee.

HAMITER, Justice.

The defendant is appealing from his conviction and sentence under a charge of gambling by operating a football pool, the offense allegedly having been committed in the Parish of Orleans at 859 St. Charles Avenue. Numerous bills of exceptions

were reserved during the course of the trial, but only five are presented for our consideration.

Bill of exceptions No. 2 was taken when the district judge, over defendant's objection, permitted Officer Joseph Oster (one of the arresting officials) to testify as an expert on the operation of football pools as gambling. Defense counsel complains that the witness was not shown to have had the proper qualifications as an expert on such an operation and, hence, the judge's allowing him to give opinion testimony constituted reversible error.

In State v. Mills, 229 La. 758, 86 So.2d 895, 899, we said: " * * * It is well settled that the trial judge determines whether witnesses offered as experts are entitled to be heard in that capacity, and his ruling will not be disturbed on appeal where no error appears. Art. 466, La. Code Cr.Proc., R.S. 15:466; State v. Carter, 217 La. 547, 46 So.2d 897; State v. Nicolosi, 228 La. 65, 81 So.2d 771." See also State v. Dowdy, 217 La. 773, 47 So. 2d 496.

In the instant case the witness testified that he made bets on football pools prior to his becoming a member of the police department, as well as since while a member of the Headquarter's Special Squad, and that he had acquired a working knowledge of football pool operations in a class held at the police academy. Under these

circumstances we cannot say that there was error in the trial court's accepting him as an expert for the purpose offered. The complaint made by defense counsel addresses itself to the weight to be given the testimony adduced rather than to its admissibility.

State v. Damico, 213 La. 765, 35 So.2d 654, relied on in support of the discussed bill of exceptions No. 2, is not applicable. There the testimony was held objectionable because the witness had not qualified as an expert. Here, Officer Oster qualified as an expert to the satisfaction of the trial court before his testimony was given.

■ Bill of exceptions No. 4 was reserved to the ruling of the judge which permitted the same witness to testify, on questioning by the state, that during the raid he had answered the telephone and that the person calling had identified himself as "Nick" who requested a bet on a race horse—"Finegarden in the last race at Chicago." He further stated that when later checking on this request he determined that the race was run at Hawthorn Track in Chicago, it was the eighth race, the odds were three to one, and the horse occupied post position No. 4. The objection to this testimony was that the witness was being allowed to testify as an expert on the operation of a racing hand book without having been qualified as an expert.

The bill is without merit for several reasons. Firstly, in connection with his earlier qualification as an expert on the operation of football pools the witness had testified (in response to a question by defense counsel) that he had also acquired a working knowledge of hand book operations at the police academy; secondly, all of the testimony about which the defendant now complains had been admitted without objection, and when his counsel ultimately objected no further questions were asked along that line; thirdly, the information given was not such as would require the testimony of an expert since the witness was merely reciting facts ascertained by him and within his knowledge.

■ Bill of exceptions No. 5 relates to the testimony of Officer Gerard Noonan to the effect that while the raid was in progress one Nicholas DiMaggio came into defendant's place of business and asked: "Did I get you, Leo?" Each of the arresting officers had previously testified that he answered the telephone in the establishment; that callers had attempted to place bets, addressing him as "Leo" or asking for "Leo" (another defendant on trial with this appellant was named Leo); and also that one of the callers had identified himself as "Nick". Counsel objected to the officer's repeating the question asked by DiMaggio on the ground that it was hearsay.

We agree with the trial judge that this testimony related to a matter constituting a part of the res gestae; and that it was further relevant and admissible for the purpose of connecting this defendant with the gambling operation and in proving the element of intent.

 When the state offered in evidence the alleged football pool paraphernalia seized at the time of appellant's arrest defense counsel objected on the ground that (1) the various items had not been connected with the defendant and (2) the state had not shown that he was engaged in wagering or gambling as a business. The judge overruled the objection and bill of exceptions No. 6 was reserved. Obviously the complaint in this bill addresses itself to the matter of the sufficiency of the evidence, since it relates solely to questions of fact, and hence it presents nothing for our review.

 Bill of exceptions No. 7, said by defense counsel in oral argument to provide the most serious complaint, was taken to the judge's overruling of a motion for a new trial containing allegations that the state had failed to offer any testimony to prove that the alleged crime was committed in the Parish of Orleans (as charged in the bill of information) and also that there was no evidence justifying a conviction.

In State v. Paternostro, 225 La. 369, 73 So.2d 177, 178, we said: " * * * the question of venue was not raised until after the verdict of the jury and then by a motion for a new trial and in a motion in arrest of judgment. Since the question was submitted to the jury it resolved itself to a question of fact.

\* \* \* \* \* \*

" * * * It is only where there is no evidence produced on the trial of a fact essential to a conviction that same may be inquired into. * * * It would be only logical to conclude that this same rule should apply when the question of venue is submitted to the jury."

In that case the objection was that the state had failed to prove that the house 1546–48 Magazine Street, the place of commission of the offense, was located in the Parish of Orleans. The evidence showed, said the court, that such address was in the 12th Ward, and that an officer of the New Orleans Police Department had testified that the prosecutrix had pointed out to him the Magazine Street house. We then observed: " * * * There was other evidence and circumstances testified to that is not necessary here to repeat for the reason that defendant did not question the jurisdiction of the court and permitted the question of venue to be submitted to the jury and determined by them. * * *" And we concluded in the Paternostro case

that the mentioned testimony constituted some evidence on which the jury could properly determine the question of venue.

In the instant case the witnesses Oster and Noonan testified that they were members of the New Orleans Police Department when, on the date in question, they entered the premises at 859 St. Charles Avenue to investigate the operation of a racing hand book; and Oster stated that he was on official duty at that time. Also Noonan said that he looked for and found in the establishment some city retail liquor permits issued in defendant's name. Certainly such testimony constituted some evidence on which to predicate a finding that the offense was committed in Orleans Parish. And since we cannot review the sufficiency of that evidence we must hold that the venue objection is untenable.

■ Likewise without merit is the complaint that no evidence to support the conviction was introduced. As above pointed out it was shown that football pool equipment was found in the premises owned and operated by the defendant. Furthermore, it appears that he had used the paraphernalia in actually placing bets for at least two patrons.

For the reasons assigned the conviction and sentence are affirmed.

FOURNET, J., absent.