92 So.2d 569

STATE of Louisiana

v.

William SMITH.

No. 43143.

Jan. 21, 1957.

Frank S. Bruno, Hilary J. Gaudin, Lloyd C. Hoffman, New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Leon D. Hubert, Jr., Dist. Atty., Malcolm V. O'Hara, First Asst. Dist. Atty., Edward M. Baldwin, Louis F. Claiborne, Asst. Dist. Attys., New Orleans, for appellee.

HAMITER, Justice.

The defendant, William Smith, was convicted and sentenced on a charge of his having murdered one Myrtis Bing. He is appealing.

The first of the four perfected bills of exceptions was reserved in the following manner while Officer O'Rourke, a state witness under direct examination, was giving testimony relative to a statement made to him by the accused:

"Q. What did he say? A. He said, 'I want to give you this gun, I just shot my wife.' By that time we were upon him and he gave the gun to Officer Perot.

"Q. Now, Officer O'Rourke, he didn't say, 'My wife got shot'? A. No, sir.

"Q. How did he say it again? A. 'I want to give you this gun, I just shot my wife.'

"Defense Counsel: Ask the Court that he not lead the witness—

"The Court: Don't lead the witness."

Defense counsel then moved for a mistrial, complaining of the question (as being leading and prejudicial), "Now Officer O'Rourke, he didn't say, 'My wife got shot'?" On the court's overruling of the motion the bill was taken.

Assuming that the specific question complained of was leading (and even though an objection was not entered when it was propounded) it did not so prejudice the accused as to justify the granting of a mistrial. It merely suggested what the accused did not say, and in no manner reminded the officer of that which was actually said. Moreover, the witness had previously, pursuant to a proper question and without any objection from defense counsel, recited the statement made to him by the accused.

Bill of exceptions No. 2 was reserved to the court's overruling of a defense objection to the state's using Captain Kincaide as an expert relative to powder burns on clothing and skin.

 · :

 According to our established jurisprudence the trial judge is vested with wide discretion in determining the qualifications of an expert witness, and his ruling will not be disturbed on appeal in the absence of manifest error. State v. Dowdy, 217 La. 773, 47 So.2d 496, State v. Mills, 229 La. 758, 86 So.2d 895 and State v. Compagno, 230 La. 657, 89 So.2d 158. The witness offered here, the superintendent of the New Orleans Bureau of Identification since 1946, had attended FBI lectures on the subject; over a long period of time he had conducted about 150 tests to determine the presence of powder burns on clothing and skin; and, with reference thereto, he had occasionally testified in trials held in the Criminal District Court in and for Orleans Parish. In view of this showing we are unable to conclude that the judge manifestly erred in accepting the witness as an expert for the purpose offered.

 Under the third bill of exceptions, reserved to the overruling of a motion for a new trial, appellant complains that "there was no evidence to justify the Jury's bringing in a verdict of guilty as charged." We have examined the testimony taken during the course of the trial, the transcript of which was made a part of the bill, and we find that there was some evidence adduced in support of all essentials of the offense charged. Therefore, the complaint presents a question of the sufficiency of the evidence which, under our well-established jurisprudence, we are without jurisdiction to determine.

Several months after sentence was imposed, but before the granting of the appeal (the long delay was evidently permitted to afford an opportunity for the perfecting of the bills of exceptions), defense counsel filed what was styled "Motion for Recall of Sentence and Supplemental Motion for New Trial". In it a new trial was prayed for based on the allegation that during argument to the jury the state's attorney had made an appeal to racial prejudice. On the overruling of the motion the fourth and last bill of exceptions was reserved.

 There is no merit to the bill. The trial judge was powerless to consider a motion for a new trial filed subsequent to the imposition of sentence. Louisiana Code of Criminal Procedure Article 505, LSA–R.S. 15:505, State ex rel. Sheffield v. Ellis, Judge, No. 41,689 on the docket of this court, and State v. Washington, 230 La. 181, 88 So.2d 19.

For the reasons assigned the conviction and sentence are affirmed.