193 So.2d 794

**STATE of Louisiana**

v.

**Albert JOHNSON.**

No. 48244.

Jan. 16, 1967.

James David McNeill, New Orleans, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.

HAMITER, Justice.

Albert Johnson, the defendant herein, was convicted of the offense of illegal possession of marijuana and sentenced, as a double offender, to twenty years in the state penitentiary. On this appeal he relies on five bills of exceptions to obtain a reversal of the conviction and sentence.

Initially, three other males were charged along with Johnson in the information which alleged their possession of eight marijuana cigarettes. The state had expected to prove that seven of the cigarettes were on the person of this accused and the other on that of one of his codefendants.

All four defendants filed motions to suppress the evidence (the cigarettes). And

prior to trial the motions were heard, at which hearing evidence was introduced to show how the cigarettes were found and taken. Subsequently, Johnson's motion was denied, but those of the other defendants were sustained.

When the case came on for trial the state, with leave of court, amended the information to read "seven" instead of "eight" cigarettes. Then it moved for a severance of the trial of Johnson from the other three defendants. The motion was granted. Thereupon counsel for this defendant requested a continuance, and it was denied.

Bill of exceptions No. 2 was taken from the court's refusal to grant to Johnson a continuance. The request for it was based primarily on the assertions that the amendment to the information was a substantive one and, further, that the accused was prejudiced in his defense by the court's refusal to postpone the trial.

■ We disagree with both of these assertions. Clearly, the amendment did not affect primarily the substance of the information. The essence of the offense charged therein was the illegal possession of marijuana. How many cigarettes it was made into, or whether it was in cigarette form at all, was immaterial.

■ Again, LRS 15:253 (on which defendant relies) provides that no action of the district court in refusing a continuance shall be reviewable, or an appeal based on

such action sustained, unless from a consideration of the whole proceedings the reviewing court finds that the accused was prejudiced in his defense or that a failure of justice resulted. We cannot perceive how the amendment prejudiced the defense of the case, and we agree with the observation of the trial judge in his per curiam to this bill to the effect that: " * * * In this case there are no facts, or circumstances alleged in the defendant's motion for a continuance showing any prejudice to the defendant. Additionally, the motion was submitted without evidence. There was no allegation of any facts or circumstances attempting to show in what respect the defendant was prejudiced, nor was there any evidence offered on this issue, even at the hearing on the same, during the Motion for a New Trial. Nowhere does the defendant prove or allege how he was denied justice by being forced to proceed with the trial on the amended Bill of Information. In fact, the tenor of the defense during the entire trial was not one of alibi, or a denial of the possession of the marijuana cigarettes, but was, in the main, based upon an allegation of unlawful search and seizure. I failed to see how the defendant could have been prejudiced in being called upon to defend against a lesser number of cigarettes than that which had been originally stated in the Bill of Information."

We conclude, therefore, that bill No. 2 is without merit.

Bill of exceptions No. 1 was taken to the overruling of Johnson's motion to suppress the evidence. Bill No. 3 was reserved when the court, over a defense objection, permitted the cigarettes to be admitted in evidence. They present the same issue: were the cigarettes the fruits of an illegal search and seizure? It is conceded that they were seized without a search warrant.

▬ Defense counsel recognizes that under the Fourth Amendment to the Constitution of the United States, as well as under the corresponding provisions of our state constitution (Article I, Section 7, Louisiana Constitution of 1921), persons are not secured against all searches and seizures without a warrant, but only against those which are unreasonable. Thus, in his brief filed here he states that where the search is made without a warrant and is not incidental to a legal arrest "there must be probable cause and reasonable ground." We must, therefore, look to the circumstances under which the assailed evidence was obtained to determine whether there was "probable cause and reasonable ground" for seizing it without a warrant.

The mentioned circumstances are as follows: On the night of December 4, 1964, the defendant was riding as a passenger on the rear seat of an automobile. Also in the vehicle were the driver and two other passengers (the former codefendants). Officers Varnado, Lauman and Heno of the New Orleans Police Department, who were cruising in a police car, stopped the automobile because it was being driven with only one headlight. Varnado left the police vehicle, approached the driver of the car, informed him of his headlight violation, and told him to step out and show his driver's license and registration papers. As he did so, the defendant and the two other passengers voluntarily descended from the vehicle. (Counsel for the defendant asserts that they were ordered from the car. But from our review of the evidence we conclude, as did the trial judge, that their descending was voluntary. On the hearing of the motion to suppress each of the officers testified positively that he had not ordered them out and that he did not hear any of the others do so. This testimony was uncontradicted at the hearing.)

The defendant alighted on the passenger side toward which Officers Lauman and Heno were approaching, they meanwhile having left the police car. As the defendant bent over to get out of the vehicle Lauman noticed him pushing something that looked like white paper into his mouth. The officer immediately suspected that the object was some sort of narcotic and that the defendant was attempting to swallow it, he knowing from his experience with narcotic users that this was a frequent method employed to dispose of illicit drugs when their possessor is apprehended. As he went toward Johnson, with his arm extended, Lauman asked what it was that the defendant had put in his mouth. Johnson did not

answer but, instead, grabbed the officer and commenced to grapple with him. As the two struggled they went to the ground and an object fell from the defendant's mouth. It was retrieved by the officers and proved to be a small packet which, when opened, contained seven hand-rolled marijuana cigarettes. Whereupon Johnson and the others were arrested for possession of marijuana.

■■ There is no doubt, in our opinion, that Officer Lauman had probable cause and reasonable ground for immediately seizing the object. It is virtually common knowledge that narcotic possessors constantly, when apprehended, attempt to destroy the evidence by swallowing it. Being aware of this, and because of the defendant's surreptitious action, the officer had probable cause to suspect that the object was a narcotic, and it was reasonably necessary for him to obtain possession of the packet immediately. Any inaction on the part of Lauman would certainly have resulted in the narcotic's destruction. Moreover, Lauman's justifiable suspicion became a virtual certainty when, instead of answering the officer's question, the defendant attacked him.

Under these circumstances we find no error in the court's ruling on the motion to suppress and in permitting the evidence to go to the jury.

When the trial court refused to deliver three special charges to the jury, as requested in writing by the defendant, bill of exceptions No. 4 was reserved.

■ With regard to the first and second special charges the per curiam of the trial judge recites that they were covered in the general charge. Defense counsel did not request that the general charge be made in writing and it is not in the record. In view of this circumstance we are bound by the recitals in the per curiam. State v. Patterson et al., 150 La. 114, 90 So. 532, State v. Richey et al., 160 La. 667, 107 So. 484, State v. Walker, 204 La. 523, 15 So.2d 874, State v. Burkhalter, 211 La. 342, 30 So.2d 112. See also State v. Comery, 214 La. 245, 36 So.2d 781 and State v. Bickham, 239 La. 1094, 121 So.2d 207.

■ The third special charge requested was that "An uncorroborated confession will not sustain a conviction." In his per curiam the trial court informs us that he had properly charged the jury on the law relative to confessions, and that the special charge was improper inasmuch as the state had fully established the corpus delicti—the occurrence of the crime—by the introduction of testimony of the police officers and the marijuana cigarettes; consequently, the charge was not applicable to the facts of the case.

■ The ruling was correct. It is well settled that the court is not required to instruct the jury on abstract principles of

law, but only those wholly pertinent or applicable to the facts of the case under consideration. LRS 15:390. State v. Tatum, 162 La. 872, 111 So. 264, State v. Cox, 167 La. 279, 119 So. 48, State v. Burch, 170 La. 812, 129 So. 212, State v. Gonzales, 173 La. 947, 139 So. 15, and State v. Michel, 225 La. 1040, 74 So.2d 207.

Bill of exceptions No. 5 was reserved to the court's overruling defendant's motion for a new trial. The motion was based on the foregoing four alleged errors. Therefore, it presents nothing further for our consideration.

For the foregoing reasons the conviction and sentence are affirmed.