[No. 3557-1.   Division One.   June 7, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIE YOUNG, *Appellant*.

*Phillip Ginsberg* of *Seattle-King County Public Defender, Kessler & Urmston,* and *Keith L. Kessler,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Ralph Maimon, Deputy,* for respondent.

PER CURIAM.—Willie Young appeals from a conviction following a trial to the court of violating the Uniform Controlled Substances Act, RCW 69.50.

Young's sole contention on appeal is that his conviction should be reversed because physical evidence was obtained from his person by methods which violated the due process clause of the Fourteenth Amendment.

Following a hearing on Young's motion to suppress, the trial court entered the following findings of fact:

[O]n August 2, 1974 . . . Detective Victor Heins and Detective Karl Ahl of the Seattle Police Department Narcotics Division were patrolling in the area of 14th and Yesler . . .

Finding of fact No. 1.

That Detective Heins has been a Seattle Police Officer for 16 years and has been assigned as a narcotics detective for six years. That Detective Heins has known the defendant Willie Young for ten years and Detective Heins has arrested the defendant for burglary and twice for narcotics offenses. That Detective Heins was aware on August 2, 1974 that Willie Young had two prior convictions for narcotics offenses and was also aware through intelligence reports and informants' tips that the defendant Willie Young was actively dealing in narcotics around the period of time immediately preceding his arrest on August 2, 1974;

Finding of fact No. 2.

[The] Detectives . . . approached a group of four people in a "huddle" engaged in what appeared to be a narcotics transaction although no visible evidence was observed. . . . That Detective Heins recognized one of the individuals as the defendant Willie Young. That the detectives pulled into an alley approximately 12 feet away from the group of people. That as the detectives were pulling to a stop Detective Heins observed the defendant turn his back to their view and both Detective Heins and Detective Ahl observed the defendant reach into his pocket with his right hand and remove something red in color which appeared to the detectives to be balloons. That Detectives Heins and Ahl are aware, based upon their experience with narcotics users and sellers, that balloons are the most common carrier for heroin. That the defendant Willie Young placed this item or items in his mouth and Detective Heins yelled at his partner Detective Ahl, "Karl, he's trying to swallow". That the detectives moved rapidly to where Willie Young was standing and told him he was under arrest. That the other people dispersed. That Detective Heins attempted to stop the defendant from swallowing by placing his hands on the defendant's throat. That the detectives told the defendant to spit out the balloons in his mouth but the defendant continued his attempts to swallow and flailed his arms. That the detectives and the defendant ended upon the ground and that the defendant continued in his attempts to swallow and said struggle continued between 45 and 60 seconds until Detective Heins pinched the defendant's nose, forcing him to breathe with his

mouth and the defendant spit out an orange balloon on the sidewalk. That the detectives could observe another balloon in his mouth and the defendant succeeded in swallowing that balloon at which point all struggle stopped and the detectives placed the defendant under arrest and transported him to the jail. That no further attempts were made by the detectives to recover any other balloons from the person of the defendant;

Finding of fact No. 3.

That Detectives Heins and Ahl had probable cause to believe that the defendant was possessing a controlled substance and that the defendant was attempting to destroy evidence of such crime by swallowing and that Detectives Heins and Ahl used only the force necessary and proper to prevent the defendant from swallowing evidence of the crime of possession of a controlled substance.

Finding of fact No. 4. The trial court stated in its oral decision:

I don't see that there was abuse in this case. The cases point out that reasonable force or reasonable physical conduct can be taken to prevent the destruction of evidence, if there is probable cause in the totality of the circumstances. Here I find there was probable cause.

. . . .

I don't find that there was abuse, accepting everything that everybody said. There was no choking, as far as I know. He tried to constrict his—what I heard was he tried to constrict his throat. Now, you can call that choking, but he didn't choke him in the sense of what I would consider choking. And then they held his nose.

Young relies on *Rochin v. California*, 342 U.S. 165, 96 L. Ed. 183, 72 S. Ct. 205, 25 A.L.R.2d 1396 (1952) to support his claim that the evidence was obtained in violation of due process. In *Rochin*, the police entered Rochin's home and broke into his bedroom where they observed him place two capsules into his mouth. A struggle ensued and the police attempted unsuccessfully to extract the capsules from his mouth. Rochin was taken to a hospital where a doctor forced an emetic solution through a tube into his stomach against his will, causing him to regurgitate the two cap-

sules. The court held that the police practices used in obtaining the evidence were so shocking to the conscience and offensive to a sense of justice as to violate due process. *See Schmerber v. California,* 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826 (1966).

Several California decisions have held that it is a violation of due process for police to choke a defendant in order to extract evidence from his mouth. *See, e.g., People v. Sanders,* 268 Cal. App. 2d 802, 74 Cal. Rptr. 350 (1969). However, even if we were to adopt the California position, each case must be decided on its own facts. *People v. Tahtinen,* 210 Cal. App. 2d 755, 26 Cal. Rptr. 864, *cert. denied,* 375 U.S. 842, 11 L. Ed. 2d 69, 84 S. Ct. 91 (1963). *See also People v. Bass,* 214 Cal. App. 2d 742, 29 Cal. Rptr. 778 (1963). In *People v. Bracamonte,* 15 Cal. 3d 394, 405 n.6, 540 P.2d 624, 632 n.6, 124 Cal. Rptr. 528 (1975) the California Supreme Court said:

> Inasmuch as the mouth is not a sacred orifice and there is no constitutional right to destroy or dispose of evidence, attempts to swallow evidence can be prevented . . . as long as excessive force is not employed.

(Citations omitted.)

In *State v. Santos,* 101 N.J. Super. 98, 243 A.2d 274 (1968) police grabbed the defendant by the throat and forceably extracted an envelope from his mouth. The court stated at page 102:

> The police have a right short of outright brutality of a shocking nature to apply such reasonable force to a suspect as is fairly necessary to prevent an imminent destruction of evidence of the commission of crime. This was all that occurred here. Each case must be appraised on its own facts.

*See United States v. Harrison,* 432 F.2d 1328 (D.C. Cir. 1970); *Foxall v. State,* ............ Ind. App. ............, 298 N.E.2d 470 (1973).

Here, substantial evidence was presented upon which the trial court could find that: (1) Detectives Heins and Ahl had probable cause to believe that Young was committing a

crime; (2) Young was told he was under arrest; (3) he was directed to spit out the balloon, but continued to swallow; (4) in attempting to stop Young from swallowing, Detective Heins placed his hands on his throat, constricting his ability to swallow; (5) Detective Heins pinched Young's nose, which forced him to breathe through his mouth and spit out a balloon of heroin.

Violent confrontations between persons under arrest and the police are to be avoided whenever possible. A person does not, however, have a right to destroy evidence; the police are authorized to use reasonable but not excessive force in preventing the destruction or concealment of evidence. The record supports the trial court's finding that the force used here was reasonable. The police practices were not so shocking to the conscience as to violate due process of law.

Affirmed.

Petition for rehearing denied June 30, 1976.

Review denied by Supreme Court November 23, 1976.