PER CURIAM.
Initially, we note that we have reviewed the entire record in this case and we find no errors discoverable by mere inspection of the pleadings and proceeding. We, therefore, will limit our discussion to the error assigned by defendant and designated assignment number one. In this assignment defendant contends that the trial court erred in failing to grant his motion to suppress. Defendant argues that the police officers did not have probable cause to arrest him and that the evidence (three red and blue capsules of Tuinal, a barbiturate) obtained incident thereto should have been suppressed. He relies principally upon this Court’s decision in State v. Saia, 302 So.2d 869 (La.1974).
We have reviewed the record and we find that defendant’s reliance on the Saia case is misplaced. That case is distinguishable from the situation presented here. A case which we deem similar to this case is State v. Cook, 332 So.2d 760 (La.1976). We conclude that the officers had reason to approach this defendant, whom they knew to *3 be an admitted narcotics user, when they observed him looking suspiciously over his shoulder at the police vehicle and then saw him place his hand in his pocket, causing the police officers to believe that he was about to dispose of something. When the officers, as they were approaching defendant after alighting from the police vehicle, observed him put a small, shiny object to his mouth which resembled the usual packaging of drugs, they then had probable cause to arrest him.
We, therefore, find the assignment is without merit. Accordingly, we affirm the conviction and sentence.