359 So.2d 73 (1978)
STATE of Louisiana
v.
Larry J. WINFREY.
No. 59512.
Supreme Court of Louisiana.
May 22, 1978.
Rehearing Denied June 15, 1978.
*75 John M. Lawrence, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Vincent Paciera, Jr., Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
A grand jury indicted the defendant, Larry J. Winfrey, for possession of heroin with the intent to distribute, a violation of LSA-R.S. 40:966. A unanimous jury returned a guilty verdict. The court imposed a sentence of life imprisonment.
The defendant perfected an appeal in this Court. However, we granted his motion to remand for a hearing on a motion for a new trial. The district judge denied the motion. He now proceeds with his appeal, relying on three assignments of error for reversal of his conviction and sentence.
We adduce the following context facts:
As Officers Bourg and Welsh patrolled Claiborne Avenue in New Orleans one night, they observed an automobile traveling without its lights on. The defendant drove that automobile and his co-defendant at trial was the passenger. With the intention of giving him a warning, the officers pulled the defendant over.
Upon stopping, the officers shined a spot light into the defendant's rear-view mirror, and approached the car with flashlights. They saw the defendant and the passenger lean toward the middle of the seat, pick up some objects, and place them in their mouths. When Officer Bourg arrived at the driver's window, he saw the defendant crumble small pieces of foil and put them into his mouth. Officer Welsh observed the passenger swallow the objects he had placed in his mouth. A roll of tin foil lay on the front seat.
Officer Bourg immediately informed the defendant that he was under arrest. When *76 he opened the door, the defendant slammed it shut. He then began to struggle as Officer Bourg attempted to remove him from the car. During this time, the defendant threw a bundle of money to the rear of the car. To retrieve the objects from his mouth, the officer placed one hand by his mouth to get his fingers into it and the other hand on his throat to prevent him from swallowing. Officer Bourg succeeded in removing twenty-two packets of heroin. The struggle lasted approximately one to two minutes.

ASSIGNMENT OF ERROR NO. 1
The defendant complains of the denial of his motion for a new trial grounded upon the alleged ineffective assistance of counsel.
Louisiana Code of Criminal Procedure Article 853 mandates that this motion for a new trial "be filed and disposed of before sentence." Defense counsel filed the motion more than ten months after imposition of sentence. As the motion was untimely, the law precludes the trial judge from considering it. State v. Jones, La., 345 So.2d 1157 (1977); State v. Navarre, La., 289 So.2d 101 (1974); State v. Smith, 231 La. 649, 92 So.2d 569 (1957).
The proper procedural vehicle for an allegation of ineffective assistance of counsel is by a writ of habeas corpus in the district court. The trial judge can then order a full evidentiary hearing, if required. State v. Collins, La., 350 So.2d 590 (1977); State v. Ross, La., 343 So.2d 722 (1977); State v. Mouton, La., 327 So.2d 413 (1976).
Treating his motion for a new trial based on ineffective assistance of counsel as an application for post-conviction relief, we find no merit in his allegations. At the hearing, defense counsel argued his motion, relying on his memorandum. The court stated that his memorandum is not evidence and asked him if he had "anything further." [Tr., Motion for New Trial, p. 4.] Counsel indicated that he did not. Thus, the defendant failed to offer any evidence to prove his allegations of ineffective assistance of counsel.
We conclude that the court properly denied the motion for a new trial.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
In a pro se brief, the defendant alleges that the trial court erroneously denied his motion to suppress. He advances two grounds to support his argument: that there was no probable cause to arrest him, and that the heroin was seized in violation of his Fourth Amendment rights.
An officer may effectuate a warrantless arrest when he has reasonable cause to believe that the person to be arrested has committed an offense, although not in his presence. LSA-C.Cr.P. Art. 213(3). "Reasonable cause to believe" is a lesser degree of proof than that needed for conviction. This standard is determined by the setting in which the arrest occurred, together with the facts and circumstances known to the arresting officer from which he might draw conclusions warranted by his training and experience. State v. Boyd, La., 349 So.2d 1256 (1977). While the officer need not negate all possible lawful explanation of a situation before making an arrest, he must have within his knowledge information upon which a prudent man would believe that the person to be arrested is criminally connected with the circumstances. State v. Phillips, La., 347 So.2d 206 (1977).
When the officers saw the defendant driving an automobile without its lights at night, they were justified in stopping him because both state and municipal laws require every vehicle driven after sunset and before sunrise to have its lights on. LSA-R.S. 32:301; 828 M.C.S. 38-165, 1972. See State v. Braud, La., 357 So.2d 545 (1978).
The officers noticed the defendant and the passenger lean over to the middle of the front seat, pick up objects, put them into their mouths, and attempt to swallow them. When Officer Bourg arrived at the driver's window, he saw the defendant crumble several *77 pieces of foil and again put them into his mouth. They also discovered a roll of tin foil on the front seat.
As a State expert in heroin testified, heroin is often packaged in tin foil, and narcotics possessors, when apprehended, attempt to destroy the evidence by swallowing it. The defendant's and his passenger's leaning over to the front seat as the officers approached, could reasonably indicate that they were attempting to conceal something. These factors convince us that the officers had a reasonable belief that the defendant had committed or was committing an offense. State v. Brown, La., 341 So.2d 2 (1976); State v. Johnson, 250 La. 85, 193 So.2d 794 (1967). Therefore, under Louisiana Code of Criminal Procedure Article 213(3), they effectuated a valid warrantless arrest.
Secondly, the defendant avers that Officer Bourg unreasonably seized the heroin from his mouth in violation of the Fourth Amendment.
Whether police action in extracting contraband from the defendant's person is unreasonable depends upon the totality of the circumstances. See Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); Rochin v. California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952). Law enforcement officials may adopt reasonable measures to retrieve contraband and prevent its destruction. State v. Wood, 262 La. 259, 263 So.2d 28 (1972).
To recover the contraband, Officer Bourg held the defendant with one hand so that he might put his fingers in his mouth and with the other hand to prevent him from swallowing. This occurred during a one to two minute struggle which the defendant initiated. There were no injuries.
We conclude that Officer Bourg used reasonable measures in procuring the heroin. His actions do not shock the conscience or "offend some fastidious squeamishness or private sentimentalism about combatting crime too energetically. . . ." Rochin v. California, supra.
Several courts in other jurisdictions have upheld similar seizures. State v. Young, 15 Wash.App. 581, 550 P.2d 689 (1976) (the officer "placed his hands on his throat, constricting his ability to swallow" and another officer pinched his nose to make the defendant breathe through his mouth and spit out the evidence); United States v. Harrison, 139 U.S.App.D.C. 266, 432 F.2d 1328 (1970) (the officer grabbed the defendant by the throat and made him expel the evidence); State v. Santos, 101 N.J.Super. 98, 243 A.2d 274 (1968) (the officers grabbed the defendant by the throat and tried to pry his mouth open); Espinoza v. United States, 278 F.2d 802 (5th Cir. 1960) (the officers choked the defendant and attempted "to pry open his mouth by placing pressure against his jaw and nose"); State v. O'Shea, 16 N.J. 1, 105 A.2d 833 (1954) (the officers struggled with the defendant and "forced him to disgorge the papers he was attempting to swallow").
The defendant's reliance on State v. Tapp, La., 353 So.2d 265 (1977) is misplaced because it is factually distinguishable. In an effort to arrest and retrieve contraband from the defendant Tapp's mouth, five officers fought with him for fifteen to twenty minutes. One officer choked him while others pummelled his face and head with their fists. According to the defendant, another officer held his nose to cut off his breathing. Eventually they caused him to spit up the packet of contraband which was lodged near his esophagus. This altercation required the defendant and two officers to seek hospital treatment for their injuries.
In conclusion, we hold that the trial court properly denied the defendant's motion to suppress.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
The defendant contends that the court erred in allowing the State's challenge for cause of a prospective juror. Basically, he alleges that her responses failed to indicate her inability to serve.
The State or the defendant may challenge a juror for cause if the juror *78 refuses to accept the law as given by the court. LSA-C.Cr.P. Art. 797(4). The trial judge is vested with wide discretion in determining the qualification of jurors to serve at trial. Absent a clear showing of abuse of discretion, we refuse to disturb his ruling. State v. George, La., 346 So.2d 694 (1977); State v. Passman, La., 345 So.2d 874 (1977); State v. Weathers, La., 320 So.2d 895 (1975).
When questioned if she could convict when the State proved the defendant was guilty beyond a reasonable doubt, she consistently stated that she would require the State to prove his guilt beyond any doubt. In an effort to rehabilitate her, the defense counsel, prosecutor, and the judge asked her if she could follow the law. She responded, "[i]t's a possibility." [Tr. p. 8.]
From her answers, it is clear that the prospective juror was unqualified to serve because she would not accept the law as given by the court. See State v. Nolan, La., 341 So.2d 885 (1977). Thus, the court properly allowed the State's challenge for cause.
This assignment of error is without merit.
For the reasons assigned, the conviction and sentence are affirmed.