[No. 12249–5–I.   Division One.   January 9, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. RUFUS
LEE TAPLIN, *Appellant.*

*Zsa Zsa DePaolo* of *Washington Appellate Defender
Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Alvin Littles,
Deputy,* for respondent.

RINGOLD, J.—After a trial to the court on stipulated evidence Rufus Taplin was found guilty of possessing heroin in violation of the Uniform Controlled Substances Act. His appeal, assigning error to the trial court's denial of a

motion to suppress heroin found on his person, presents two issues: (1) did the warrantless search violate Taplin's Fourth Amendment rights, and (2) was excessive force, violating due process, used to obtain the evidence. We affirm.

## STATEMENT OF FACTS

The facts, as found by the trial court, are undisputed. Two Seattle police officers were on foot patrol when they observed Taplin and a known drug dealer leaving an apartment building. As he engaged in conversation with Taplin's companion, one officer observed Taplin turn his head and make swallowing motions. The officer approached Taplin and asked him to remove a cigarette from his mouth. When Taplin complied, the officer saw multi–colored balloons in Taplin's mouth.

The officer believed from previous experience that the balloons contained narcotics. He told Taplin he was under arrest and ordered him to spit out the balloons. When Taplin refused, one officer grabbed Taplin's nose by hooking his fingers underneath Taplin's nasal passage, while the other officer placed his hands on Taplin's neck in order to stop movement of the Adam's apple and prevent swallowing. Taplin broke away, but the officer again grabbed him by the nose and throat. Taplin, saying "I give up," then spit out the balloons which were later shown to contain heroin.

## WARRANTLESS SEARCH

Taplin first argues that warrantless searches are per se unreasonable unless they fall within one of the exceptions to the warrant requirement. *Coolidge v. New Hampshire,* 403 U.S. 443, 455, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971). He claims that the search here cannot be justified as a search incident to arrest in order to prevent destruction of evidence because there is no substantial reason to believe that the evidence would have been destroyed. Taplin contends that, because he was under arrest pursuant to a proper probable cause determination, even if he swallowed the balloons, he could have been kept under surveillance until the balloons passed through his digestive tract and

were recovered. *People v. Bracamonte,* 15 Cal. 3d 394, 540 P.2d 624, 124 Cal. Rptr. 528 (1975). He therefore maintains that the failure to obtain a warrant requires suppression of the evidence.

█ *Chimel v. California,* 395 U.S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034 (1969) and *State v. Smith,* 88 Wn.2d 127, 559 P.2d 970 (1977) state the rule that "probable cause coupled with the presence of emergent or exigent circumstances regarding the security and acquisition of incriminating evidence, should be the controlling factors." *Smith,* at 137–38. Taplin concedes that there was probable cause for the arrest. Taplin's attempt to swallow the balloons and thus remove incriminating evidence from the police presented exigent circumstances. It is possible that the evidence would not have passed through his digestive system. The defendant would then successfully have destroyed the evidence. Under the circumstances the possibility that the evidence could have been destroyed justified the officers in "seizing" the balloons. It was as likely that the evidence would have been destroyed as that it would have been recovered. Once the officers arrested the defendant, the search and seizure of the defendant was a search incident to a lawful arrest, necessary to prevent the destruction of evidence. *Chimel.*

## EXCESSIVE FORCE

Taplin next argues that the use of the choke hold was excessive force, both because he could not breathe during the hold and because recent physiological evidence establishes that the use of the choke hold is excessive force per se.

The test established in *State v. Young,* 15 Wn. App. 581, 550 P.2d 689 (1976), *cert. denied,* 431 U.S. 931 (1977) and *State v. Williams,* 16 Wn. App. 868, 560 P.2d 1160 (1977) in determining whether a choke hold constitutes excessive force is whether the officer's actions completely obstructed the defendant's breathing. If the defendant could not breathe, the force is excessive and violates the due process

clause of the United States Constitution.

■ The trial court did not enter a finding of fact on whether Taplin was able to breathe during the choke hold. The court did, however, find that "considering the totality of the circumstances the force used by the officers . . . was not excessive." The record shows that the court was aware of the *Williams* and *Young* cases, and of the relevant factors used to determine whether the use of the choke hold is excessive force. Implicit in the court's finding is the determination that Taplin was able to breathe. Although trial court findings are of "great significance," *State v. Daugherty,* 94 Wn.2d 263, 269, 616 P.2d 649, *cert. denied,* 450 U.S. 958 (1980) requires an independent evaluation of the evidence when an appeal involves a constitutional right. Our examination of the record in this case supports the implied trial court finding that Taplin was able to breathe.

■ The defendant also apparently argues that, in light of recently published physiological evidence, the use of the choke hold is so dangerous as to constitute excessive force per se. This argument was not made to the trial court nor was any physiological data offered or admitted into evidence. The data on the physiological effects of the choke hold are not part of the record on appeal and therefore cannot be considered here. The rule is that "cases on appeal will be decided only from the record . . . If the evidence is not in the record it will not be considered." *State v. Wilson,* 75 Wn.2d 329, 332, 450 P.2d 971 (1969).

The judgment and sentence is affirmed.

DURHAM, C.J., and SCHOLFIELD, J., concur.

Review denied by Supreme Court April 20, 1984.