BRUNOT, J.
 

 The defendant was charged, in separate informations, with two violations of Act No. 89 of. 1921. Both informations charged the sale of intoxicating liquor for beverage purposes. By dgreement, the cases were consolidated and tried together. The trial resulted in a conviction in one case and an acquittal in the other. In the case resulting in a conviction, the court sentenced the accused to GO days in the parish jail and to pay a fine of $301 and costs, and in default of the payment of the fine and costs to an additional term of six months in the parish jail and to work on the public works.
 

 Prom the verdict and sentence the defendant has appealed.
 

 Defendant’s counsel has
 
 not
 
 filed a brief or an assignment of errors, but there are three bills of exception in the record.
 

 Bill No. 1 was reserved to a ruling of the court permitting the district attorney, before closing the examination of witnesses in chief, to recall one of the state witnesses after a dispute had arisen concerning his testimony.
 

 Prom the judge’s per curiam it appears that because of some confusion resulting from the consolidation and trial of the two cases together, the witness had testified to facts in one of the cases in response to an inquiry about facts in the other. The witness was recalled to correct the erroneous statement. Under the circumstances, the recall of the witness was a matter within the sound discretion of the trial judge.
 

 Bill No. 2 was reserved after the state had closed its testimony. It is a mere repetition of the recitals of bill No. 1 and presents no other matter for consideration.
 

 Bill No. 3 was reserved to the overruling of a motion for a new trial. The motion for a new trial is based upon the alleged insufficiency of the evidence to justify the verdict, and upon newly discovered evidence. The questions of fact presented in the motion are not reviewable by this court. If they were, the trial judge’s per curiam to the bill has effectively disposed of them. The alleged newly discovered evidence would be merely cumulative and would not have been admissible on the trial of defendant upon any other theory or for any purpose except to attack the credibility of the state’s witness Clifton Tipton. On this point the judge’s per curiam is as follows:
 

 “The testimony of the state’s witness Clifton Tipton had, in the opinion of the court, been fully and completely corroborated, and convinced the court beyond any doubt of the guilt of the accused. The defendant sought to impeach the witness, Tipton on the trial of the case by some two or three witnesses, end the newly discovered evidence set out in the motion for a new trial was merely cumulative, and a new effort to impeach the witness, whose reputation for truthfulness had been entirely established, in the opinion of the court, and was fully corroborated by other facts and circumstances connected with the case.”
 

 For these reasons we are of the opinion that the verdict is correct.
 

 Although there is no assignment of errors in this case, there is precedent for correction, by the appellate court, of errors
 
 *247
 
 patent on the face of the record. In this connection it may be said that the alternative sentence imposed by the trial court, in default of payment of the fine imposed, enlarges the scope of section 980, R. S. This section is as follows:
 

 “Every person being adjudged to pay a fine, shall, in default of payment or recovery thereof, be sentenced to be imprisoned for a period not exceeding one year.”
 

 It is the universally recognized rule that criminal statutes must be strictly construed, and it "will be noted that section 980, R. S.. authorizes the imposition of a jail sentence for the nonpayment of a fine alone. It does not authorize the imposition of a jail sentence for the nonpayment of the costs of the prosecution; neither does it warrant a sentence to work on the public works.
 

 It may be noted that section 980, R. S., is a general statute, and to interpret it as applicable to prosecutions under special statutes might lead 'to gross injustice and rank absurdity. To illustrate: A person may be charged with “assault.” The penalty for this offense is a fine not exceeding $25, or a jail sentence not exceeding 30 days, or both. If a person convicted of “assault” is sentenced to 5 days in jail and to the payment of a fine of $10, it would tax the reason to hold that section 980, R. S., can be invoked and an additional sentence of imprisonment for one year imposed in default of the payment of the fine. In a number of statutes defining misdemeanors the Legislature has fixed the maximum penalty to be imposed for the violation of them. The intent of the lawmaker is written into these statutes in clear and convincing language, and this intent must be adhered to. Moreover, to hold otherwise would stamp with the court’s approval the infliction of harsh and unusual punishments, out of all proportion to the gravity of the offense charged, and without legal warrant. •
 

 This court has repeatedly interpreted and upheld the application of section 980, R. S.; but in none of the cases heretofore considered has the court held that the statute may be invoked to penalize the nonpayment of a fine imposed for a misdemeanor to a greater extent than is permitted by the statute defining the offense and prescribing the penalty therefor. So far as we are able to discover, the question is directly passed upon by this court for the first time in State of Louisiana v. Hebert (No. 26165) 103 South. 742, ante, p. 209, decided this day.
 

 In the case we are considering the defendant was sentenced as a first offender for a violation of Act 39 of 1921, the specific offense being selling intoxicating liquor for beverage purposes. Any person who shall violate the act “upon conviction for the first offense shall be fined not more than five hundred dollars ($500.00), and be imprisoned not less than ten days nor more than sixty days.” Section 3.
 

 The district judge sentenced the defendant to 60 days in the parish jail and to pay a fine of $301 and costs, and in default of the payment of the fine and costs .to an additional term of 6 months in the parish jail and to work on the public works.
 

 For the reasons stated herein and the views expressed in State of Louisiana v. Hebert (No. 26165 of the docket of this court) 103 So. 742,
 
 [1]
 
 the verdict and sentence to 60 days’ imprisonment in the parish jail and to pay a fine of $301 and costs is affirmed. In all other respects the sentence is annulled and avoided, and the case is remanded to the district court for a correction of the sentence according to the views herein expressed.
 

 [1]
 

 Ante, p. 209.