O’NIELL, C. J.
 

 The appellant stands convicted of a second offense of having whisky in his possession for sale for beverage purposes. It was charged in the bill of information and was proved on the trial that he had been convicted in the same court for a previous offense of having intoxicating liquor in his possession for sale for beverage purposes. On conviction of the second offense, therefore, he was sentenced according to the enhanced penalty “for the second or subsequent offense,” as prescribed by section 3 of Act 39 of 1921, p. 43. The penalty prescribed for manufacturing or selling intoxicating liquor, or for possessing it for sale, is, for the first offense, a fine not exceeding $500 and imprisonment for a term not less than 10 or more than 60 days, and, “for the second or subsequent offense,” a fine not ldss than $100 or more than $1,000 and imprisonment for a term not less than 30 days or more than 12 months. The penalty prescribed for any other violation of the statute is not necessarily both fine and imprisonment, but either fine or imprisonment, or both fine and imprisonment, according to the discretion of the judge, but within the maximum limits stated.
 

 The sentence imposed in this case was imprisonment for 10 months and a fine of $750 and costs, “and in default to serve 10 months additional in jail.” This additional or alternative penalty of imprisonment for 10 months in default of payment of the fine of $750 was deemed authorized by-section 980 of the Revised Statutes.
 

 . The appellant complains only of the penalty imposed. There is no complaint about the proceedings in other respects. It is contended, first, that the minutes of the court do not show that the sentence was imposed for a second offense; second, that section 980 of the Revised Statutes only allows the judge to impose an alternative sentence of imprisonment to compel the payment of a fine when only a fine is imposed, but not when an absolute sentence of both fine and imprisonment is already imposed; and, third, that there is no authority in law for imposing an alternative sentence of imprisonment to compel the payment of the costs of court.
 

 As to the first complaint, it is sufficient to say that the minutes of the court contain the statement:
 

 
 *131
 
 ' “The defendant, 'B. B. Shelfer, was found guilty as charged, constituting his second offense of possession of intoxicating liquor for sale for beverage purposes.”
 

 The second complaint is disposed of by reference to the rulings by a majority of the members of the court in State v. Hebert, on rehearing, 158 La. 209, 103 So. 742; and State v. Carlander, on rehearing, 158 La. 244, 103 So. 755. Three members • of the court dissented from the ruling-in those cases, for the reason stated in the dissenting opinion in State v. Hebert, handed down by the writer of this opinion; that is to say, that section 980 of the Revised Statutes did not allow the imposition of an alternative penalty of imprisonment for a term longer than the maximum term fixed by the statute that was violated, but the majority of the members of the court ruled otherwise, and we are constrained to abide by their ruling.
 

 • [3] As to the third complaint, this court said in the original opinion rendered in State v. Carlander, supra:
 

 “It is the universally recognized rule that criminal statutes must be strictly construed, and it will be noted that section 980, R. S., authorizes the imposition of a jail sentence for the nonpayment of a fine alone. It does not authorize the imposition of a jail sentence for the nonpayment of the costs of the prosecution,” etc.
 

 On rehearing it was said, in a per curiam, from which the same three members of the court again dissented, that the rehearing had been granted only on the point raised in the case of State v. Hebert, and, under authority of the ruling made in that case on rehearing, the sentence against Oarlander was affirmed. It is apparent that the court did not then consider that the alternative penalty of imprisonment imposed upon Carlander was “in default of the payment of the fine
 
 and costs.”
 
 The statute merely authorizes the alternative penalty of imprisonment for a term not exceeding one year in default of the payment or recovery of a
 
 fine
 
 which a person has been condemned to pay, viz:
 

 “Every person being adjudged to pay a fine, shall, in default of payment or recovery thereof, be sentenced to be imprisoned for a period not exceeding one year.”
 

 There is no such authority for compelling the payment of the costs of a criminal prosecution.
 

 In the ease before us, however, we do not construe the language of the alternative sentence, of imprisonment for 10 months as meaning that, after having served the first sentence of 10 months in jail, the defendant shall remain imprisoned 10 months longer unless in the meantime he pays the costs of the prosecution as well as the fine of $750. That part of the sentence, as inscribed upon the' minutes of the court, reads: “And in default to serve 10 months additional in jail.” That does not necessarily mean — and according to our interpretation it does not mean — in default of payment of the costs in addition to the fine of $750. When read in connection with the language of the statute, the alternative or additional sentence of imprisonment for 10 months was imposed only in default of the payment of the fine of $750; and, according to the majority opinion rendered ip. State V. Hebert, supra, the alternative sentence — • with the interpretation and limitation which we now put upon' it — is within ,the law.
 

 The conviction and sentence are affirmed.