PONDER, Justice.
 

 The defendant, A. E. Gowan, was jointly indicted with Robert L. Berry in an indictment charging them with setting fire to a shop or store building, the property of A. E. Gowan. Robert L. Berry entered a plea of guilty. The defendant, A. E, Gowan, having pleaded not guilty, was duly tried, convicted, and sentenced to the penitentiary for not less than three and not more than nine years, from which conviction and sentence the defendant, A. E. Gowan, prosecutes this appeal.
 

 The defendant’s counsel, during the trial of the case, reserved five bills of exceptions to the rulings of the court.
 

 Bill of exception No. 1 was taken to the ruling of the court in overruling the objection of defendant’s counsel to the opening statement of the district attorney to the jury. The district attorney in his opening statement stated that he intended to prove that on December 28, 1936, there was a fire of questionable origin in the store of A. E. Gowan located in Epps in the parish of West Carroll. The State further intends to show to you that shortly after this fire the accused party, A. E. Gowan, colluded and conspired with one Robert L. Berry to
 
 *615
 
 set fire to and burn this store building. The defendant’s counsel objected to any statement of the district attorney to the effect that he intends to prove that the fire in question was set by some other than the accused party, for the reason -that such proof is at variance with the allegations contained in the indictment, and for the further reason that if .such proof is offered under Act No. 120' of 1932, that act itself is unconstitutional for the reason that it authorizes the prosecution of an accused party under an indictment which does not make him acquainted. with the nature of the crime he is charged with having committed; the Constitution (article 1, § 10) requiring that no one may be prosecuted for a criminal offense except he be made acquainted with and informed of the nature of the charge against him. In this indictment the defendant is charged with having set fire to the building and proof- that it was done by another, even at his instance, is at variance with the indictment and contrary to the constitutional protection thrown around an accused party, and, if it is offered under Act No. 120 of 1932, as stated, that act is unconstitutional.
 

 Bill of exception No. 2 was taken to the overruling by the court of the defendant’s objection to the opening statement of the district attorney to the jury, viz.:
 

 “Then, Gentlemen, after the unsuccessful attempt to burn, or unsuccessfulness of the first fire, after that the State will prove to you, Gentlemen, that there was a conspiracy between the accused, A. E. Gowan, and Robert L. Berry. We will further show that during this time, up to February 8th, 1937, when the store was actually burned, we will show that during the time from December 28th, 1936 to February 8, 1937, that during this time, Mr. Gowan, the accused party, advanced to Robert L. Berry sums of money and did other favors in order to get him obligated to him. Then we will show that after he got him obligated in this manner he then broached him on the subject of setting fire to and burning the store building in the Village of Epps, and to do this job he offered him Twenty Dollars and a pint of whiskey. Now, we will show that pursuant to this agreement and conspiracy, Berry, did go there on the night of February 8th, between the hours of Ten and Eleven o’clock, and he found there excelsior, which had been coal oiled or kerosened, sticking out of the rear door located in the center of the rear of this store building. He also found outside a bottle of kerosene which had been placed there pursuant to the prearranged agreement existing between the accused, A. E. Gowan and Robert L. Berry. We will further show that the kero-sened excelsior led inside the building to the other excelsior, oiled excelsior, directly in the building and where this excelsior protruded from under the door and the flame followed the kerosened excelsior to the excelsior and oil within the building and it was all fixed to burn up the building. We will further show that acting under and pursuant to this agreement and conspiracy Robert L. Berry struck a match and lighted this excelsior and the store immediately went into- flame. He then went to the home of one Sidney Holly, after having set fire to' this building, and there spent the remainder of the night. The State will fur
 
 *617
 
 ther prove by competent testimony that under and pursuant to this agreement and conspiracy with A. E. Gowan, Mr. Gowan paid Berry for the job Fifteen Dollars at various times after the fire but never did' pay him the other five dollars of the twenty he agreed to pay him and also gave him the pint of whiskey. We will further show, by competent testimony, that Mr. Gowan, after one policy of insurance covering this building was cancelled out, made every effort to procure additional insurance, going to various insurance agencies in efforts to get insur-ancé and finally got a policy of fifteen hundred dollars on the Store building and Stock of merchandise and that this policy of insurance was in force at the time of the fire in question. The evidence further will show you, Gentlemen, that Mr. Gowan had agreed to have the building in readiness for this fire on the night of February 8th, 1937, which was the prearranged and agreed upon time for the setting fire to and burning of this store building.
 

 “Now, upon this evidence, if we can prove this, I submit to you, Gentlemen, that the State will unquestionably have made a good case, and, if we prove those facts, I believe that the State will have the right to expect at your hands a verdict of guilty as charged.”
 

 The defendant’s counsel moved to strike out from the opening statement of the district attorney all reference to any proof which he expects to adduce which is amenable to the objection already made as being contrary to the allegations made in the indictment, and being authorized under Act No. 120 of 1932, the constitutionality of which has already been attacked. The court refused to sustain the motion, and overruled defendant’s objection, and a bill of exception was reserved thereto.
 

 Bill of exception No. 3. Robert L. Berry, a witness called in behalf of the State, was asked the following question: “Did he ever make any proposition to you in regard to this $7.90?” Defendant’s counsel objected, setting forth the same reasons set forth in bills of exceptions Nos. 1 and 2. The court overruled the objection, and this bill of exception was reserved to the court’s ruling.
 

 Defendant’s counsel filed a motion to quash setting forth that he was first informed of the real nature of the charge against him through the opening statement of the district attorney that the State intended to prove that the defendant procured another to set fire to the building, and that the defendant did not set fire, himself, to the building as charged in the indictment. In the motion the defendant averred that the indictment is returned under authority of Act No. 120 of 1932, which removes the distinction between accessory and principals and makes the accessory, as if he were in point of fact, a principal. The defendant averred that this is contrary to the Constitution of Louisiana and of the United States, for the reason that it does not inform the accused party of the nature of the charge brought against him. The defendant further averred that he filed this motion to quash the indictment at the earliest moment after being informed by the prosecution of the nature of the charge against him and the proof which the district attorney proposes to offer.
 

 
 *619
 
 Since bills of exceptions Nos. 1, 2, and 3 present the same issues, we will treat them
 
 jointly.
 

 The indictment herein charged the accused jointly with one Berry with setting fire to a certain store building. This indictment was based on section 2 of Act No. 211 of 1928. Section 2 of Act No. 211 provides: “That any person who wilfully or maliciously sets fire to or burns or causes to be burned or who aids, counsels or procures the burning of any * * * shop, storehouse * * * shall upon conviction thereof be imprisoned at hard labor for not less than one nor more than ten years.”
 

 Act No. 211 of 1928, as amended by Act No. 186 of 1932, defines the crimes of burning and attempt to burn. Section 1 of Act No. 211 of 1928 recites that any person that sets fire to or burns, or causes to be burned, or who aids, counsels, and procures the burning of any dwelling house, etc., shall be guilty of arson, and shall be punished for not less than two nor more than twenty years! Section 2 of this act, under which the prosecution herein is instituted, provides that one who sets fire to or burns, or causes to be burned, or who aids, counsels, or procures the burning of shop, storehouse, etc., shall be punished not less than one nor more than ten years. Sections 3 and 4 provide for the burning of certain properties other than that recited in sections 1 and 2. Section 5 provides the penalty for an attempt to burn, and section 6, as amended by Act No. 186 of 1932, § 2, defines what constitutes “attempt to burn.” “Arson at common law is usually defined as the wilful and malicious burning of the house or outhouse of another.” 3 Cyc. p. 984. If the Act No. 211 of 1928 had not defined the crime of arson, we would have to look to the common law for a definition of arson; but since arson has been defined by Act No. 211 of 1928, the statutory provision will govern. Since the crime of' arson in this state has been defined by statute, we would look to the statute as to what constitutes the crime. This being the case, one who either sets fire to or burns or causes to be burned, or who aids, counsels, or procures the burning, etc., would commit the crime of arson, and therefore would be a principal. In the instant case, the defendant contends that he was not sufficiently informed of the nature of the crime he was charged with; that being the case, his remedy was to apply to the court for a bill of particulars. From the record in the case we find that the court informed defendant’s counsel, at the time this issue was raised, that he would require the district attorney to file a bill of particulars and grant the defendant time to prepare his defense. We find that the defendant did not avail himself of this opportunity. Act No. 120 of 1932 has no application for the reason that Act No. 211 of 1928 defines what acts constitute the crime of arson. The defendant in this case in the indictment herein was charged, tried, and convicted of arson. The language used in the indictment herein sufficiently sets forth a charge of arson.
 

 The defendant’s counsel filed in this court an assignment of errors setting forth that section 2 of Act No. 211 of 1928 covers the offenses of (a) Willfully and maliciously setting fire to and burning, (b) causing to be burned, (c) aiding, counseling, or pro
 
 *621
 
 curing the burning, etc.; that Act No. 120 of 1932, permitting an accessory before the fact to be charged as a principal, does not apply to, and has no application to, a statute which covers the substantive crime of aiding, counseling, or procuring the burning, etc. Having determined that one who sets fire to or burns or causes to be burned, or who aids, counsels, or procures the burning, etc., commits the crime of arson, the assignment of errors is not applicable.
 

 Bill of exception No. 4 was taken to the overruling of a motion for a new trial, supported by five affidavits based on newly discovered evidence, and that the verdict of the jury was contrary to the law and' evidence. The newly discovered evidence consists of contradictory statements made by the witness Robert L. Berry, which the defendant alleged he had no knowledge of at the time of the trial. The testimony tendered in the motion for a new trial was impeaching testimony to impeach the testimony, of the State’s witness, Robert L. Berry. Under article 511 of the Code of Criminal Procedure, an accused is not entitled to a new trial on testimony merely corroborating or impeaching the credibility of any witness examined on the trial. State v. Carlander, 158 La. 244, 103 So. 755, and numerous other decisions by this court cited under article 511, Code of Criminal Procedure. The court in its per curiam stated:
 

 “Upon trial of this motion, after hearing all of the testimony, including much evidence tending to impeach a state’s witness, which, if true, this Court does not think warrants a new trial, the motion was denied for the reason that the testimony offered did not warrant a new trial.”
 

 Bill of exception No. 5 is reserved to the court’s overruling a supplemental motion for a new trial. The testimony taken on the motion was to impeach the testimony of Robert L. Berry. The motion is without merit for the reasons set forth in our discussion of bill of exception No. 4.
 

 Bill of exception No. 6 was reserved to the court’s overruling supplemental motion No. 2 for a new trial, based on the ground that one of the jurors, Robert Miller, had made a statement, prior to his being accepted as a juror, that if he could get on the jury he would do all that he could to stick the accused, which was unknown to the defendant at the time the juror was accepted. The court in its per curiam stated: “This court does not consider that defendant made sufficient proof of statements purported to have been made by the juror, Miller.” The evidence taken upon this supplemental motion shows that the witness testified that when the juror, Miller, made the statement, no one was present except he and Robert Miller, and that Robert Miller made the alleged statement to him. Miller was called by the State, and testified that he made no such -statement. The lower court was not convinced that the proof was sufficient. We see no error in the court’s ruling.
 

 For the reasons assigned, the verdict and sentence are affirmed.
 

 HIGGINS, J., takes no part