STATE OF NORTH CAROLINA v. BEULAH MAE SCALES

No. 7318SC312

(Filed 27 June 1973)

1. Robbery § 5— common law robbery — sufficiency of instructions

The trial court in a robbery case properly instructed the jury that to find defendant guilty they would have to find that she acquiesced and assisted by her presence at the crime scene or helped in some way in the commission of the robbery.

2. **Robbery § 5— common law robbery — failure to submit lesser included offense — no error**

In a prosecution for common law robbery where the State's evidence, if believed, showed that defendant and a third person accosted their victim on the street and beat him severely, after which defendant took all his money, and where the defendant's evidence, if believed, showed that defendant was two blocks away while a third person was attacking the victim, the trial court properly failed to submit to the jury the lesser included offenses of larceny from the person and simple assault.

APPEAL by defendant from *Crissman, Judge,* 25 September 1972 Session of Superior Court held in GUILFORD County.

Defendant, and one Joseph Pete Lowery, were indicted (in separate bills of indictment) for a robbery alleged to have been committed on 24 June 1972.

The evidence for the State tended to show that defendant and Joseph Pete Lowery (Lowery), both of whom were known to Frank Daniel Thompson, Jr. (Thompson), attacked Thompson while he was walking along Bingham Street. Lowery knocked Thompson to the ground and beat him about the face with his fists. After Thompson was knocked to the ground, defendant beat him about his face and head with her shoe. While Thompson was on the ground, defendant put her hand in his pocket and took all of his money, about fourteen dollars. The last thing Thompson recalls either defendant or Lowery saying was just before he lost consciousness; defendant said "let's put that s.o.b. in the manhole."

Police officers found Thompson lying in the street with his head on the concrete curbing. The officer testified that Thompson appeared to be semi-conscious; had severe bruising and swelling around his eyes; and was bleeding from the eyes and the nose area. Thompson was carried by ambulance to Cone Memorial Hospital where he remained in intensive care for about four days. The police officer was unable to talk to Thompson until 30 June, but at that time Thompson told him that defendant and Lowery were the ones who had beaten and robbed him.

Defendant's evidence tended to show that Thompson tried to attack Lowery with a knife; that Lowery knocked him down and left; and that defendant was about two blocks up the street when this happened. Defendant testified: "And the next thing I knowed they was arguing. Yes, the two of them.

And started fighting. I didn't touch him or at any time hit this man. No, I did not at any time take any money off him. The two of them, they started fighting. When they started fighting, I was standing in the street. I was not too far from them. I was just standing in the street, and they got to fighting, and I moved back from them, from about here to that desk, I guess, (indicating). I broke back, I mean I moved back, you know, started backing back. Yes, when they started fighting. No, I didn't see nothing about a pocketbook or billfold. I didn't see nothing but a fight. They were fighting, that is all."

The jury found defendant and Lowery each guilty of robbery. Lowery gave notice of appeal, but six days later withdrew it and began serving his sentence (Guilford County Docket No. 72CR51822). Defendant has perfected her appeal.

*Attorney General Morgan, by Assistant Attorney General Banks, for the State.*

*Wallace C. Harrelson, Public Defender, Eighteenth Judicial District, for defendant.*

BROCK, Judge.

[1] Defendant assigns as error that the trial judge instructed the jury that defendant could be found guilty by merely finding that she was present at the time the robbery occurred. We find, however, the court was considerably more specific than suggested by defendant. The trial judge clearly pointed out that defendant would have to be acquiescing and assisting by her presence, or helping in some way in the commission of the robbery. The charge of the court must be read as a whole. This assignment of error is overruled.

Defendant assigns as error the trial court's definition of common law robbery. We do not quote the portion of the charge objected to, but point out that the definition is the same as the definition given in *State v. McWilliams,* 277 N.C. 680, 178 S.E. 2d 476. Also, the trial judge pointed out and explained each of the essential elements which are required to be found in order to convict one of the offense of common law robbery. This assignment of error is overruled.

[2] Defendant assigns as error that the trial judge failed to submit to the jury the lesser included offenses of larceny from the person and simple assault. It is not proper for the trial

judge to charge the jury on a lesser included offense unless there is some evidence from which a commission of such lesser included offense can be found. *State v. Wrenn*, 279 N.C. 676, 185 S.E. 2d 129. If the State's evidence is believed, the only offense for consideration is the offense of common law robbery. If the defendant's evidence is believed she was two blocks, or some distance, away when Lowery struck Thompson. In this case there is no evidence of the commission of a crime of less degree by defendant. This assignment of error is overruled.

In our opinion, defendant received a fair trial free from prejudicial error.

No error.

Judges MORRIS and PARKER concur.