290 So.2d 307 (1974)
STATE of Louisiana
v.
Sue Ellen PETERSON.
No. 54028.
Supreme Court of Louisiana.
February 18, 1974.
*308 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Knowles M. Tucker, Dist. Atty., Edward M. Leonard, Jr., Asst. Dist. Atty., for plaintiff-appellee.
Wilson C. Krebs, Patterson, for defendant-appellant.
BARHAM, Justice.
Defendant was convicted, after a jury trial for murder, of manslaughter and was sentenced to ten years' imprisonment. Upon this appeal, defendant urges alleged error in the trial court's denial of two motions in arrest of judgment as the basis for a reversal of her conviction and sentence.
Very few facts of the case are revealed by the record. Apparently, defendant and another were involved in a shooting homicide which occurred in St. Mary Parish on the 29th of September, 1972. The record and the briefs filed in this Court indicate that this defendant did not directly commit the act which resulted in the death of the victim.
The basis for defendant's first motion in arrest of judgment is stated in ground (1) of Code of Criminal Procedure Article 859. That ground provides for arrest of judgment when the indictment is substantially defective by reason of the omission of an essential averment. Defendant argues that the indictment charging her with murder is defective because it does not reflect that the Grand Jury considered the fact that she was being charged as a principal and does not indicate that "principal" was considered by the Grand Jury. It is further alleged in the motion that the record does not reflect any amendment to the indictment, that no specific bills of information were filed, and that the indictment was not sufficient to properly inform the defendant of the nature of the charges against her. Finally, this motion in arrest of judgment alleges that the essential elements of the lesser offense of which she was convicted, manslaughter, are not included in the indictment for the offense charged.
Code of Criminal Procedure Article 464 requires that the indictment be a plain, concise and definite written statement of the essential facts constituting the offense charged. Article 465 of the Code of Criminal Procedure specifically authorizes the use of a short form indictment in charging murder. Nowhere, in any of our Code of Criminal Procedure provisions or elsewhere, is it required that a person charged with an offense who did not directly commit the act constituting the offense be specifically denominated a "principal". Any and all persons involved in the commission of a crime to an extent which will satisfy the definition of "principal" stated in R.S. 14:24, whether the direct perpetrator of the act constituting the offense or not, may be charged with commission of the offense. There is absolutely no requirement that an indictment explicitly denominate the accused as "principal". That the accused is indicted for the offense itself, and not charged as an accessory after the fact, irrefutably evidences that he is charged as a principal.
Defendant claims that the indictment is defective because it did not sufficiently inform her of the nature of the charge against her. It is true that short form indictments and informations often do not supply the defendant with information he believes to be necessary to apprise of the nature of the charge being levied. However, to satisfy the constitutional requirement *309 that an accused be informed of the nature of the charge against him, our Code of Criminal Procedure Article 484 provides the defendant with a right to file a motion for a bill of particulars. Defendant's remedy, if she felt she had not sufficient information, would have been to request a bill of particulars; her failure to do so cannot be urged as error on the part of the State, given the fact that the indictment returned was in legally sufficient form. See State v. Berry, 188 La. 612, 177 So. 684 (1937).
Defendant argues that the indictment under which she was charged was defective because it did not include all the essential elements of the lesser offense of manslaughter. There is no merit in defendant's argument. As stated above, C. Cr.Proc. Art. 859(1) provides for arrest of judgment when the indictment omits an essential averment. Defendant was indicted for murder, and the indictment which charged her met the requirements set forth in Articles 464 and 465 of the Code of Criminal Procedure for such indictment. Conformity with these provisions insured the indictment's sufficiency. Manslaughter was not the charge levied by the indictment; hence, there is no requirement that the indictment include all the essential elements of that crime. The propriety vel non of making manslaughter a responsive verdict in a murder prosecution appears to be the core of defendant's complaints; this matter will be discussed when the correctness of the trial court's denial of defendant's second motion in arrest of judgment is considered.
The trial court did not err in denying this motion in arrest of judgment. Defendant's arguments relative thereto are without merit.
Defendant bases her second motion in arrest of judgment on a contention that Code of Criminal Procedure Article 814, authorizing a jury to return a verdict of guilty of manslaughter in a murder prosecution, is unconstitutional in that it allows conviction of manslaughter under an indictment which does not include the essential elements of that crime. Though the motion is purportedly based on ground (2) of Article 859 of the Code of Criminal Procedure, on that basis it is clearly without merit. Ground (2) of Article 859 provides for arrest of judgment when the offense charged is not punishable under a valid statute. In this case, the offense charged is murder, and it is not contended that the statute under which murder is punished, R.S. 14:30, is invalid.
Nevertheless, it is readily apparent that the thrust of defendant's argument is actually based on the fifth ground included in that article, which provides for arrest of judgment when the verdict is not responsive to the indictment, or is otherwise so defective that it will not form the basis for a valid judgment. Such an error would be subject to our review even in the absence of a formal bill of exceptions. C.Cr.Proc. Art. 920(2).
Responsiveness of a verdict of manslaughter in a murder prosecution is expressly provided by the legislature under Code of Criminal Procedure Article 814. This, defendant readily concedes. She argues, nevertheless, that manslaughter is not a legally or constitutionally responsive verdict, especially in a case where there is no evidence to support such a verdict (that is, no evidence of the "passion" element).
Defendant cites cases in which this Court has declared verdicts returned in criminal trials unresponsive to the charge being tried because essential elements of the lesser crime found by verdict were not essential elements of the greater crime charged. State v. Roberts, 213 La. 559, 35 So.2d 216 (1948) (aggravated battery not responsive to charge of attempted murder) and State v. Clayton, 236 La. 1093, 110 So.2d 111 (1959) (verdict of unauthorized use of a movable not responsive to a charge of issuing worthless checks). However, we note that in these cases the erroneous responsive verdicts were not provided *310 for in statutory enactments by the legislature.
Notwithstanding that the legislature has provided statutorily for a responsive verdict of guilty of manslaughter in murder cases, it would not be possible for this Court to continue to approve such a provision in the face of repeated attack if the bases therefor offended some constitutional principle. However, the nature of the "added element" in manslaughter which is not present in murder easily demonstrates the legality and rationality of such a provision. All of the elements of the two crimes, murder and manslaughter, are identical; there exists only one difference. That is, the statutory definition of manslaughter provides that the killing, which would be murder under 14:30(1), be "committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection." If passion reduces a homicide requiring the same scienter, specific intent, from murder to a less serious crime, manslaughter, then lack of passion may realistically be seen as the additional element which elevates a manslaughter to murder. The presence of passion, however, is in the nature of a defense and, for this reason, the additional "element" of lack of passion need not be proven by the state in a murder prosecution. Therefore, the presence of passion is not an additional element of the crime of manslaughter; rather, it is a factor which exhibits a degree of culpability less than that present when the homicide is committed without passion caused by provocation.
Accepting degrees of culpability as a basis for legislating a responsive verdict is not without precedent. Section 1.08(4) (c) of the Model Penal Code (Proposed Official Draft, 1962) provides that a defendant may be convicted of an "included offense" and, as one definition of an included offense, states: "* * * An offense is so included when: * * * (c) it differs from the offense charged only in the respect that * * * a lesser kind of culpability suffices to establish its commission." The Illinois Criminal Code, S.H.A. ch. 38, § 2-9 defines "included offense" in this manner: "`Included offense' means an offense which (a) Is established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged * * *."
Additionally, a review of our manslaughter statutes (that statute in effect at the time of this defendant's trial and the new manslaughter statute) reveals that the "sudden passion" or "heat of blood" provisions operate in a mitigatory fashion in a murder presecution, not a great deal unlike provisions in the criminal law of other jurisdictions[1] where such factors are considered *311 to be "affirmative defenses" to a charge of murder. Our manslaughter statute, R.S. 14:31, provides: "* * * Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender's blood had actually cooled, or that an average person's blood would have cooled, at the time the offense was committed * * *." (Emphasis supplied.)
The obvious difference between Connecticut's "extreme disturbance" defense to murder and our "passion" "defense" is that in this jurisdiction "passion" may be inferred by the jury from the evidence adduced upon trial by the State, there being no requirement in our law that these factors be affirmatively established by the defendant. Nevertheless, it is instructive to view this factor, which in our judisdiction is solely within the province of the jury as ultimate judges of law and fact, as a factor in the nature of a defense to the crime of murder.
In numerous other jurisdictions, the matter of responsive verdicts involves the exercise of discretion on the part of the trial court; a court is found to have abused its discretion to charge a responsive verdict only when the reviewing court finds that such a declined charge was warranted by the evidence adduced upon trial.[2] In Louisiana, we do not look to the evidence adduced upon trial to see if responsive verdicts set forth in C.Cr.Proc. Art. 814 are warranted. In a prosecution for an offense not named in C.Cr.Proc. Art. 714, our only inquiry regarding a responsive verdict charged and returned by the jury would be whether the verdict returned was a "lesser and included grade" of the offense charged. C.Cr.Proc. Art. 815. An examination of the evidence is not undertaken as is done in many jurisdictions where the charging of responsive verdicts is within the sound discretion of the trial court, based upon the evidence adduced at trial.
It is demonstrated, therefore, that a verdict of manslaughter may readily be seen as responsive to a charge of murder, and without resort to review of the evidence as is done by some other jurisdictions. In Louisiana, when there is evidence to prove the greater offense, it is the jury's province to determine the existence vel non of lesser culpability and exercise the statutory right to return the manslaughter verdict. See State v. Cooley, 260 La. 768, 257 So.2d 400 (1972). This Court will not look to the evidence to make such a determination.
Having set forth what we believe to be rational bases for the legislative pronouncement that a verdict of manslaughter is responsive in a trial for murder, and finding no constitutional prohibition to our legislative scheme, we therefore re-affirm this Court's position stated in State v. Cooley, supra. The verdict rendered in this case is responsive to the indictment and is not so defective that it may not form the basis for a valid judgment. Defendant's arguments regarding denial of this motion in arrest of judgment are without merit.
For the foregoing reasons, defendant's conviction and sentence are hereby affirmed.
NOTES
[1] The Connecticut murder statute, C.G.S.A. § 53a-54 provides, in part: "(a) A person is guilty of murder when: (1) With intent to cause the death of another person, he causes, the death of such person or of a third person or causes a suicide by force, duress or deception; except that in any prosecution under this subsection, it shall be an affirmative defense that the defendant acted under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be, provided nothing contained in this subdivision shall constitute a defense to a prosecution for, or preclude a conviction of, manslaughter in the first degree of any other crime; * * *"

The Connecticut first-degree manslaughter statute, C.G.S.A. § 53a-55 reads, in pertinent part: "(a) A person is guilty of manslaughter in the first degree when: (1) with intent to cause serious physical injury to another person, he causes the death of such person or of a third person; or (2) with intent to cause the death of another person, he causes the death of such person or of a third person under circumstances which do not constitute murder because he acts under the influence of extreme emotional disturbance, as provided in subdivision (1) of subsection (1) of section 53a-54, except that the fact that homicide was committed under the influence of extreme emotional disturbance constitutes a mitigating circumstance reducing murder to manslaughter in the first degree and need not be proved in any prosecution initiated under this subsection. * * *"
[2] See, for example, State v. Postell, 20 Ariz. App. 119, 510 P.2d 749 (1973); State v. Trujillo, 85 N.M. 208, 510 P.2d 1079 (N.M. App.1973); People v. Peery, 11 Ill.App.3d 730, 297 N.E.2d 643 (1973); and State v. Scales, 18 N.C.App. 562, 197 S.E.2d 278 (1973).