322 So.2d 169 (1975)
STATE of Louisiana
v.
Donald WILLIS.
No. 56397.
Supreme Court of Louisiana.
November 3, 1975.
Rehearing Denied December 5, 1975.
Jesse S. Heard, Jr., Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., John R. Harrison, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
Donald Willis and three accomplices were jointly charged with armed robbery.
*170 On March 19, 1975 the State severed the cases, and the instant bill of information was amended to charge that on January 22, 1975 Donald Willis "while armed with a dangerous weapon, to-wit: a knife, approximately 17 ¾ inches long, robbed Jerry Sapp, contrary to the provisions of R.S. 14-64 . . . ." Willis waived trial by jury. He was found guilty and sentenced to ten years at hard labor and committed to the Louisiana Department of Corrections. In brief he assigns one error in support of his appeal to this Court.
At 1:40 o'clock on the morning of January 22, 1975 Jerry Sapp was working as an attendant at a 7-11 Store in the city of West Monroe, Louisiana. Four black males arrived at the store in a black Mustang automobile, entered the store and looked around, made no purchases and departed. A few minutes later they returned, one of the four remained at the front of the store by the telephone booth, the other three entered the store. One of the trio produced a long knife from a sheath and threatened Sapp, while his accomplices emptied the two cash registers of $67.93 in bills and coins. The four then fled in the Mustang which Sapp had observed at their first appearance.
Sapp reported the robbery to the police. The Mustang occupied by four blacks was observed by patrolling officers a few blocks from the scene of the robbery. It was stopped, the coins were observed on the floor of the car and some spilled out into the street. Sapp identified them as the robbers. A search warrant was later obtained to search the vehicle and the knife was found.
By application for bill of particulars filed prior to trial, defendant requested an answer to the following interrogatory:
"That it is necessary that your Mover know whether or not the State claims that all four Defendants charged in the Bill of Information committed the crime of armed robbery, or whether three of the Defendants committed the crime of armed robbery, aided and abetted by one Defendant, or whether two of the Defendants committed the armed robbery, aided and abetted by the other two defendants, or whether one of the Defendants committed the armed robbery, aided and abetted by the other three defendants."
The State responded as follows:
"The defendant, Donald Willis, is charged as a co-defendant of Arenta Peevy, Larry Darnell Meadows, and Jimmy Ray Smith, with armed robbery of Jerry Sapp. Inasmuch as the State is not required to reveal its evidence, the State declines to state the actions of defendant, or any of his co-defendants, in committing the criminal offense."
When the trial judge would not compel the State to answer further, defense counsel objected and assigned the ruling as error. His contention is that in the trial of criminal cases where there are multiple defendants, there is a possibility that one of the defendants will plead to a lesser and included charge in exchange for his testimony against the other defendants. If the State had been required in this case to furnish the particulars requested, defense counsel argues, he would know whether any of the defendants had turned State's evidence. He points out that this did in fact occur when Larry Meadows testified against defendant and received a reduced sentence.
Although the record of the preliminary examination is not before us, in his per curiam to this assignment of error, the trial judge noted that defendant did, in effect, secure the information he desired through the testimony of Jerry Sapp at the preliminary examination. The preliminary examination was held on the same day defendant's request for bill of particulars was filed.
In addition, this record contains answers to a motion for bills of particulars in the *171 case of one of Willis' accomplices advising the date and time of the offense, the address of the store where the robbery occurred, the name of the robbery victim, and a description of the weapon used in the commission of the offense.
The function of the bill of particulars is to inform the accused concerning matters which are pertinent to the charge against him, and which the trial judge in his sound discretion considers necessary in fairness to permit the accused to defend himself. The accused, however, is not entitled to the evidence upon which the State relies to establish its case. The bill of particulars cannot be used as a device for pretrial discovery of the State's evidence. La.Code of Crim.Proc. art. 484; State v. Frezal, 278 So.2d 64 (La.1973); State v. Square, 257 La. 743, 244 So.2d 200 (1971); vacated in part on other grounds, 408 U.S. 938, 92 S.Ct. 2871, 33 L.Ed.2d 760 (1972); State v. Bourg, 248 La. 844, 182 So.2d 510 (1966).
All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet its commission, or directly or indirectly counsel or procure another to commit the crime, are principals. La.R.S. 14:24; State v. Berry, 188 La. 612, 177 So. 684 (1937). A defendant accused of armed robbery, therefore, is not entitled to a bill of particulars advising whether he is charged as a principal or as an accessory. State v. Gonzales, 173 La. 947, 139 So. 15 (1932).
Furnishing bills of particulars is permissive in this case, and the trial court ruling will not be set aside unless there is an abuse of discretion. State v. Square, supra; State v. Andrus, 250 La. 765, 199 So.2d 867 (1967); none is shown here, and this bill has no merit.
For the reasons assigned, the conviction and sentence are affirmed.