FORET, Judge.
Defendant-appellant herein, Harry Campbell a/k/a Tony Franco, was charged with and convicted of second degree murder, a violation of La.R.S. 14:30.1. Campbell was sentenced, as mandated by statute, to serve life imprisonment at hard labor, without benefit of parole, probation, or suspension of that sentence.
FACTS
«On October 18, 1982, Campbell was arrested for the killing of Andrew Jackson Chelette. A sequence of events that transpired that evening, culminating in the death of Chelette, took place at the Sport-man’s Paradise Lounge in Calcasieu Parish. Campbell and Chelette engaged in conversation, which at some point culminated into an argument of some sort. Chelette terminated the exchange by grabbing Campbell about the head and putting his head against the wall and telling Campbell to leave him alone. Chelette and Campbell then parted company. Campbell then sat alone at the bar for perhaps as long as five minutes before leaving the bar. Upon exiting the lounge, Campbell proceeded to the automobile in which he and a companion had come to the bar. His companion, fearing trouble, had left the bar earlier and sat in the car waiting for Campbell. His companion testified that Campbell, over his protests, obtained a .30 caliber rifle from the automobile and re-entered the lounge. Eyewitnesses testified that Campbell shot Chelette twice. The shots were to the right upper chest and to the lower left side of the back. At trial, the pathologist testified that the gunshot to the chest was the fatal wound.
ASSIGNMENTS OF ERROR
Campbell contends that, under the standard of Jackson v. Virginia, no reasonable trier of fact could have found him guilty of second degree murder as opposed to manslaughter, beyond a reasonable doubt. The basis of his contention is that due process requires that absence of heat of passion upon provocation be proven by the State beyond a reasonable doubt to warrant a second degree murder conviction.
The law is well settled in Louisiana that “sudden passion’’ and “heat of blood" are not elements of second degree murder and the State does not have the burden of proving or disproving them. The jury is instead free to infer these mitigating circumstances from the evidence. See State v. Chelette, 453 So.2d 1282 (La.App. 3 Cir. *39 1984), writ denied, 458 So.2d 127 (La.1984); State v. Peterson, 290 So.2d 307 (La.1974); State v. White, 544 So.2d 620 (La.App. 3 Cir.1989).
The evidence presented at trial was sufficient to meet the Jackson v. Virginia standard concerning the element of specific intent. Although the victim did grab and push Campbell’s head against a wall to emphasize that he wanted Campbell to leave him alone, this does not amount to a fight or physical altercation. The victim immediately left Campbell’s presence and went to another area of the bar. The eyewitnesses testified that Campbell did not seem angry. The testimony revealed that Campbell sat alone for up to five minutes before rising from the bar and leaving to obtain the rifle with which he would return to shoot the victim. Campbell’s companion, outside in the automobile, testified that he pleaded with Campbell not to return to the bar with the rifle, thus giving Campbell time to reflect and reconsider the action contemplated.
Viewed in the light most favorable to the prosecution, the evidence justified a rational fact finder in concluding that either the victim’s actions constituted insufficient provocation to deprive an average man of his self-control and cool reflection or, in the alternative, that Campbell’s blood had actually cooled at the time the offense was committed. The jury could have correctly inferred from the evidence that the mitigating factors pertinent to a finding of manslaughter did not exist. We find that this assignment of error lacks merit.
Campbell also contends that the trial court erred in admitting two exhibits of crime scene sketches and in admitting five crime scene photographs of the victim. We find these assignments of error to be without merit. As to the crime scene sketches, Campbell does not argue that he was prejudiced by the their admission. Campbell contends that the introduction of the various photographs was unduly prejudicial beyond their probative value. The test, in determining whether a photograph is rendered inadmissible, is whether the probative value outweighs any prejudicial effect which may result from a display of the photographs to the jury. See State v. Eaton, 524 So.2d 1194 (La.1988), cert. denied, — U.S. —, 109 S.Ct. 818, 102 L.Ed.2d 807, (1989), rehearing denied, — U.S. —, 109 S.Ct. 1332, 103 L.Ed.2d 600 (1989). As the photographs in this case were relevant to prove the corpus delicti, to corroborate other evidence of the manner in which death occurred, to establish the location, severity, and number of wounds, and to establish the identity of the victim, we find that these photographs were properly admitted into evidence.
Alternatively, even if admitted in error, the error was harmless in light of the total circumstances. State v. Rios, 528 So.2d 163 (La.App. 3 Cir.1988), writ denied, 530 So.2d 83 (La.1988). Eyewitness testimony and other evidence overwhelmingly established Campbell’s guilt, regardless of the admission of the sketches or photographs.
CONCLUSION
Based upon the foregoing, Campbell’s conviction and sentence are affirmed.
AFFIRMED.