11 WILLIAMS, Judge.
The defendant, Thadius Webb, was indicted by a Caddo Parish grand jury for first degree murder, a violation of LSA-R.S. 14:30. After a jury trial, the defendant was found guilty as charged. The defendant’s motion for post verdict judgment of acquittal was denied. He was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence. The defendant appeals urg *481 ing three assignments of error.[1] For the following reasons, we affirm.
FACTS
On September 6, 1996, the defendant, Thadius Webb, his companion, David Thompson, and the victim, Carl Ivey were patrons at the Pinstripe Lounge, a bar located on Kings Highway in Shreveport, Louisiana. According to the defendant, the victim did not know him or Thompson before meeting them at the Pinstripe Lounge on the night of September 6, 1996. However, witnesses testified that the three men left the bar together that night.
On the morning of Saturday, September 7, 1996, Shreveport Police Officer, Sergeant Mark Rogers, commander of the crime scene unit, was dispatched to investigate a call regarding blood found in an alley near Southern Avenue and 63rd Street. Sergeant Rogers discovered several bloody areas in the grass. He also located a wrench at the scene. Sergeant Rogers later examined the wrench for fingerprints but none were detected.
On Saturday evening, September 7, 1996, Shreveport Police Officer Theresa Bell responded to a call regarding a bloody knife found in an alley near Southern Avenue and 63 rd Street. Officer Bell recovered a bloody knife and a wallet containing the victim’s identification.
On Monday, September 9, 1996, after learning that his cousin, Carl Ivey, | gdid not report to work, Donald Ivey went out to look for him. He discovered the victim’s car in the parking lot of Connie’s Hide-Away, a bar located in the 3700 block of Greenwood Road in Caddo Parish. Donald testified that he noticed blood on the tires and on the side of the car. After confirming that the vehicle was indeed Carl’s, Donald reported his finding to the Shreveport Police Department.
An investigation by Detective John T. Eatman, an investigator for the Shreveport Police Department, revealed that on September 6, 1996, David Thompson rented a room at the Palomar Motel, which was located directly behind Connie’s HideAway. On Monday, September 9, 1996, Carl Ivey’s body was found in a wooded area near Wallace Lake Road in Caddo Parish.
The defendant was arrested in Titus County, Texas and gave a statement imph-eating Thompson and himself in the murder. Subsequently, the defendant was found guilty of first degree murder and sentenced to serve life imprisonment without benefit of parole, probation or suspension of sentence. The defendant’s motion for post verdict judgment of acquittal was denied. The defendant appeals.

Assignment of Error No. S

By this assignment, the defendant contends that the evidence is insufficient to prove beyond a reasonable doubt that he is guilty of first degree murder. The defendant asserts that because the evidence did not establish that he was the actual killer, his conviction must be based on the finding that he was a principal to the crime. The defendant contends that he is not guilty of first degree murder because the state failed to prove the element of intent.
When issues of both the sufficiency of the evidence and trial errors are raised on appeal, the reviewing court should first determine the sufficiency of the evidence. The proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of |athe crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
*482 LSA-R.S. 14:30 provides, in pertinent part:
A. First degree murder is the killing of a human being:
(1) When the offender has a specific intent to kill or inflict great bodily harm and is engaged in the perpetration or attempted perpetration of ... armed robbery, first degree robbery, or simple robbery....
LSA-R.S. 14:64 provides, in pertinent part:
A. Armed robbery is taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
LSA-R.S. 14:24 provides, in pertinent part:
All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and a bet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.
Specific intent is a state of mind that need not be proven as a fact. It may be inferred from the circumstances of the transaction and the actions of the defendant. State v. Willars, 27,394 (La.App.2d Cir.9/27/95), 661 So.2d 673.
Only persons who knowingly participate in the planning or execution of a crime are principals. Mere presence at the scene is not enough. State v. Pierre, 93-0893 (La.2/3/94), 631 So.2d 427. An individual may only be convicted as a principal for a crime for which he personally has the requisite mental state. State v. Holmes, 388 So.2d 722 (La.1980).
In a statement made to Shreveport Police Officer Tom W. Oster on September 19, 1996, the defendant gave his account of the events surrounding Carl Ivey’s murder. According to the defendant, the victim offered him and Thompson a ride and the three men left the Pinstripe Lounge together. The defendant stated that the victim drove them to an alley near the corner of Southern Avenue and 63rd LStreet and stopped near the home of Amos J. “Mickey” Desadier. Thompson and the defendant had stayed at Desadier’s home on previous occasions. When they got out of the car, Thompson began beating Ivey and announced that they were going to rob him.
The defendant stated that Thompson told him to hold Ivey down while Thompson went into Desadier’s house. Thompson returned with a wrench and a butterfly knife that belonged to the defendant. Thompson hit the victim in the head with the wrench and the victim stopped moving. Thompson and the defendant loaded the victim’s body into the trunk of the victim’s car and drove to a wooded area where they left the body. Afterwards, they went to the Palomar Motel where Thompson had rented a room and the defendant spent the night in the motel room.
The foregoing testimony demonstrates that the defendant was not merely present at the scene of the crime, rather, he knowingly participated in the execution of the robbery and murder of Carl Ivey. We note that when Thompson ordered the defendant to hold the victim down while he went to retrieve a weapon, the defendant had an opportunity to release the victim and leave the scene. However, he did not take advantage of this opportunity. Instead, the defendant chose to stay and play an active role in the physical assault of the victim and to help dispose of the body. There was no evidence presented to indicate that the defendant’s decision to stay and participate in the assault was anything except voluntary.
Based upon this record and viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could find the essential elements of first degree murder proven beyond a reasonable doubt. This assignment of error lacks merit.

*483
Assignment of Error No. 2

By this assignment, the defendant argues that the trial court erred in | ¡^admitting gruesome photographs of the victim. The defendant asserts that the autopsy report established that the victim died of blunt head trauma, therefore, the photographs of the victim’s legs showing wounds infested with flies and maggots were irrelevant and not necessary to show material facts or conditions. The defendant argues that the prejudicial effect of the photographs substantially outweighs their probative value.
The test in determining whether a photograph is rendered inadmissible is whether the probative value outweighs any prejudicial effect which may result from a display of the photograph to the jury. LSA-C.E. art. 408; State v. Campbell, 562 So.2d 37 (La.App. 3rd Cir.1990); State v. Stokes, 26,003 (La.App.2d Cir.6/22/94), 639 So.2d 395; State v. Womack, 592 So.2d 872 (La.App. 2d Cir.1991), writ denied, 600 So.2d 675 (La.1992). Photographs which illustrate or shed light upon any fact or issue in the case or are relevant to describe the person, place or thing depicted are generally admissible. State v. Jones, 593 So.2d 1301 (La.App. 1st Cir.1991).
The victim suffered multiple, non-fatal stab wounds to his head, face and legs. The state presented photographs that revealed lacerations to the victim’s legs and knees. The photographs were taken several days after the victim was left lying in the wooded area, therefore, the pictures displayed wounds that were infested with insects.
Caddo Parish Coroner, Dr. George M. McCormick, II, testified that the lacerations were consistent with torture wounds. Dr. McCormick also testified that there were no defense wounds which indicates that the victim was struck in a “blitz attack.” According to Dr. McCormick, the victim was either unconscious or being held down, but still alive, when the wounds to his legs and knees were inflicted.
The photographs in question were relevant to establish the location, severity and number of wounds. They were also relevant to establish the defendant’s [¡^specific intent to kill or inflict great bodily harm. The probative value of the photographs substantially outweighs any prejudicial effect. Therefore, the trial court did not err in admitting the photographs into evidence. This assignment of error is without merit.
We have examined the record for error patent and found none.
DECREE
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. In his first assignment of error, the defendant argues that the trial court erred in denying his motion to suppress statement. However, the defendant has expressly abandoned this assignment of error.